## DANIEL K. BAXTER, APPELLANT,

*v.*

## JULIUS W. SMITH ET AL., APPELLEES.

A loggers' lien notice complies with the requirement of the statute in those respects, if it appears from the notice taken as a whole, what was the entire demand before the deduction of offsets, and what amount remained due after making such deductions.

The lien of a vendor of timber attaches to each log, for the contract price per thousand feet, as if a separate contract of sale had been made respecting it.

As between an attaching creditor and a mortgagee of the attached chattel, an attachment otherwise regular is valid, although the sureties on the attachment bond did not justify as to their financial responsibility.

Actual prior notice of an unrecorded chattel mortgage does not give such mortgage precedence over the attachment of the creditor of the mortgagor.

APPEAL from the Third Judicial District, holding terms at Seattle.

*Struve & Haines,* for Appellant.

The lien notices are insufficient, because not containing a proper statement of the demand, and the amount thereof, after deducting just credits and set-offs. (*Wheeler* v. *Port Blakely Mill Co., infra,* page    .)

Attachments are void, because it does not appear from the

justification of the sureties that they are worth an amount equal to the sum specified in the bond, over and above their debts and liabilities.    (Statutes of Washington Territory, 1877, page 36, Sec. 176; Drake on Attachments, 4th edition, Sec. 124; *Hisler* v. *Carr et al.*, 34 California, 641; *Houston* v. *Belcher*, 12 Smedes & Marshall, 514; *Hoffman* v. *Brinkerhoff*, 1 Denio, p. 184; *Davis* v. *Marshall*, 14 Barbour, 96; *Kelly* v. *Archer*, 48 Barbour, 68; *Bank of Alabama* v. *Fitzpatrick*, 4 Humphrey's, Tenn. 311.)

A part of the attaching creditors had actual knowledge of the chattel mortgage, though unrecorded at the time of their levy, hence as against them it is valid; while the other was properly charged with such knowledge as to place his attachment after the mortgage.    (Statutes of Washington, 1879, p. 105, Sec. 2; *McGowan* v. *Haupt*, 9 Iowa, 83; *Allen* v. *McCalla*, 25 Iowa, 464; Jones on Chattel Mortgages, Sec. 308; Jones on Mortgages, Secs. 570, 609; *Ogden* v. *Haven*, 24 Illinois, 57; *Cox* v. *Miller*, 23 Illinois, 476; Statutes of Washington, 1877, p. 105, Sec. 2.)

*McNaught Brothers*, for Appellees.

The defect in the attachment affidavit is not jurisdictional. (Drake on Attachments, 4th edition, Sec. 124; Statutes of Washington Territory, 1877, p. 28, Sec. 109.)

An attack upon attachment proceedings for mere irregularities is addressed to the Court's discretion, and its action thereon is not reviewable.    (*Ex parte Putnam*, 20 Alabama, 592; *Reynolds* v. *Bell*, 3 Alabama, 57; Drake on Attachments, 4th edition, Sec. 448; *Cobb* v. *Oitiel*, 1 Howard (Cir.) 581; *Freeborn* v. *Glazer*, 10 California, 337.)

Besides, such objections have not been presented in this case. (*Conkling* v. *Harris*, 5 Alabama, 213; *Nunzer* v. *Brust*, 4 Illinois, 3 Scammon, 21, 144; Drake on Attachments, 4th edition, Sec. 144.)

A subsequent attaching creditor cannot be allowed to become a party to the suit, in order to take advantage of a defective bond.    (Drake on Attachments, 4th edition, Sec. 143; *Arsdoler* v. *Krum*, 9 Missouri, 397; 3 Estey, page 192, Sec. 7; *Horn* v. *Volcano Water Company et al.*, 13 California, 70 and 62.)

The mortgage in this case was not recorded, and is void as to attaching creditors. (Statutes of Washington Territory, 1879, page 105, sections 2 and 3 ; Herman on Chattel Mortgages, Sec. 122 ; Jones on Chattel Mortgages, sections 314 and 315 ; *Sage* v. *Browning*, 51 Illinois, 217 ; *Frank* v. *Minor*, 50 Illinois, 444 ; *Stansell* v. *Roberts*, 13 Ohio, 149 ; *Mayham* v. *Coombs et al.*, 14 Ohio, 429.)

Opinion by HOYT, Associate Justice.

A large number of suits were pending in the Court below against the firm of Kerns Brothers and certain rafts of logs owned by them, a part of said logs being marked "K.," and the rest "I. K." All of said suits were consolidated by consent, and adjudication had, establishing the order in which the claims of the several plaintiffs should attach to the fund in the Registry of the Court, which had been derived from a sale of said logs.

Baxter, the appellant herein, claimed by virtue of a chattel mortgage duly executed, and covering that portion of said logs marked "I. K.," and he prosecutes this appeal to reverse that portion of the decree entered below, which postponed his claim to those of Coriel, Bush, and Monroe, who claimed as lienors under the lien law of the territory, and Smith & Merwin and McCabe, who were attaching creditors. It is conceded that, as to the claims of said lienors, the action of the Court below was right, if the "lien notices," introduced in evidence to support said claims, were sufficient ; but it is contended that said notices are void, in that there is no sufficient statement of the demand and of the amount due thereon after deducting set-offs.

We have carefully examined said notices, and as to those of Bush and Monroe, we think that they clearly show, when we construe the statement of the demand as a whole, not only what amount is now due, but also the amount of the entire claim before offsets were deducted ; and that therefore these two notices are not within the rule established by the case of *Wheeler* vs. *Port Blakely Mill Company*, decided by this Court at its last term, and that they are sufficient. As to the notice of Coriel's lien, there is greater difficulty ; but in view of the fact that this was a lien for timber, and that such a lien attaches upon the

identical timber cut, and that under the contract set out in this notice, the sale of each log of timber can be considered as a separate contract, for which a lien to the amount to which said log would come, at the agreed price per thousand, would attach, we are of the opinion that this notice also was sufficient, and that the action of the Court in giving all these claims priority over appellant's mortgage was proper, and should not be disturbed.

As to the question of priority as between said appellant and said attaching creditors, it is conceded that said mortgage was executed before the attachment of the logs by either of said creditors ; it is also conceded that before the levying of his attachment, McCabe had actual notice of the appellant's said mortgage ; but it is not claimed that Smith & Merwin had any such notice, nor is it claimed that there was any proof in the case showing that said mortgage had ever been recorded.

In each of the attachment suits, the bond required to be given before the writ issues was defective, in that the sureties therein did not justify as to their responsibility ; and it is claimed by appellant that such defect rendered said bonds void ; and that therefore the writs of attachment were issued without authority, and all proceedings thereunder of no effect.  But we think that if appellant is in a situation to raise any question as to said bonds, which we do not now decide, still the defect complained of was a mere irregularity which could have been cured, and that therefore it did not render the proceedings under said writs void.

As said attachments were valid as to said appellant, and levy thereunder made before said mortgage was recorded, it follows that the claim of Smith & Merwin was properly given priority, and that the claim under said mortgage must also be postponed to that of McCabe, unless the fact that he had actual notice of said mortgage had the effect to subject the attachment thereafter made by him to the claim thereunder.  Did such notice have such an effect ?

The language of the statute, the construction of which must decide this question, is as follows : " A mortgage of personal property is void as against creditors of the mortgagor, or subsequent purchasers or incumbrancers of the property for value

and in good faith, unless * * * it is recorded 'as required by law." And a fair interpretation thereof will lead to the conclusion that the legislature intended, therefore, to provide that, as to creditors, an unrecorded mortgage on personal property should be absolutely void, and that as to subsequent purchasers and incumbrancers, it should be void if they had paid value and acted in good faith. In fact, this is not only the most natural construction, but as the words "for value and in good faith" seem to be conjoined, it is the only one that will make any sense at all, if we are to give force to each word used.

The notice to McCabe, then, of appellant's mortgage was of no effect, and his claim by attachment was prior to said mortgage.

We find no error in the record, and the decree entered in the Court below must be affirmed, with costs.

Let the cause be remanded to the District Court, with instructions that said decree should be carried into effect.