OCTAVE GAGNON V. N. B. BROWN & CO.

CHATTEL MORTGAGE — *Lien* — *Priority.*  Where a mortgagee obtains possession of the morgaged chattels before any lien or other right attaches, his title under the mortgage is good against everybody, if it was previously valid between the original parties to the mortgage. The purchaser of a note secured by a subsequent mortgage upon the same property, taken by the mortgagee with notice of the prior mortgage, is bound to take notice of the possession of the first mortgagee, acquired previous to such purchase.

*Error from Cloud District Court.*

REPLEVIN.  Judgment for plaintiffs, *N. B. Brown & Co.,* at the October term, 1888.  The defendant, *Gagnon,* brings the case here.  The facts are sufficiently set forth in the opinion.

*Theodore Laing,* and *J. J. McFarlin,* for plaintiff in error.

*A. H. Ellis, W. W. Caldwell,* and *F. T. Burnham,* for defendants in error.

Opinion by GREEN, C.: On the 30th day of November, 1885, August Berthiaume executed and delivered to Octave Gagnon a chattel mortgage on a bay mare named "Fan," and a bay horse called "Tom," to secure the payment of the sum of $150 in one year from date.  About the 9th day of November, 1886, Berthiaume executed and delivered to C. L'Ecuyer another mortgage upon the same property, to secure the payment of a note for $200, due on the 1st day of December, 1886; this mortgage was taken by Alcide L'Ecuyer, as agent and attorney for the mortgagee; and it is claimed by the plaintiff in error that the former knew that Gagnon had a mortgage upon this property.  This mortgage was filed in the office of the register of deeds of Cloud county, on the 16th day of November, 1886.  On the 29th day of November, 1886, the plaintiff in error took possession of both horses, under the mortgage, and on the same day filed his mortgage for record in the same county.  On the 1st day of December, 1886, N. B. Brown &

Co. purchased the note and mortgage executed to L'Ecuyer and demanded possession of the horses of Gagnon, which was refused. This action was brought on the 11th day of December, 1886, in the district court of Cloud county, by the defendants in error, to recover the property described in the mortgage executed to L'Ecuyer. The plaintiff in error offered to show that his mortgage was filed for record on the 29th day of November, 1886; the defendants in error objected, for the reason that the filing was of a date subsequent to the filing of the mortgage of the defendants in error. This objection was sustained. The court instructed the jury to return a verdict for the plaintiff below, and overruled the defendant's motion for a new trial.

The plaintiff in error contends that L'Ecuyer had actual notice of the Gagnon mortgage and took subject to it; that Brown & Co. got no better right by the assignment than they could have obtained had they taken a mortgage directly to themselves, on the day the assignment was made to them; that on that day Gagnon had actual, open and adverse possession of the property, under his mortgage, having taken it on the 29th day of November, 1886, and also had his mortgage on file at that date. The mortgagor, Berthiaume, left Cloud county about the 16th day of November, 1886. Prior to his departure he delivered the horses in question to Alcide L'Ecuyer, who was agent of the mortgagee, C. L'Ecuyer, and it seems he delivered the property to Sifroy Berthiaume, who retained the horses until the 29th day of November, 1886, when they were taken from him without his consent, by Gagnon. There seems to have been some question as to the open possession of the property by the latter until the suit was commenced. It is claimed that the horses were kept out of sight a portion of the time, and there is some evidence to support this claim. It is argued by the plaintiff in error that L'Ecuyer acquired no adverse interest in the mortgaged property because of actual notice; that Brown & Co. had no specific interest in or lien upon the property prior to the time Gagnon filed his mortgage and took possession; therefore, Brown & Co. acquired no

superior equity through L'Ecuyer, because there was none to give. They had no such equity in their own right, because they bought with notice offered by adverse possession and prior record. It is conceded by counsel for defendants in error that if there had been no note connected with the mortgage, or if the note had been non-negotiable, the assignee would have had no better rights than the assignor; but it is urged that the general rule is, that in all cases where a negotiable promissory note secured by a mortgage is indorsed before maturity to a *bona fide* purchaser for value, the assignee takes the mortgage, as well as the note, free of all preëxisting equities. This rule may be correct, but the question is one of application. It is admitted by the defendants in error that Alcide L'Ecuyer, the agent of the mortgagee, under whom they claim, had sufficient notice of the existence of the mortgage of the plaintiff in error to put him on inquiry. It would not, therefore, be an open question between the original mortgagee and the plaintiff in error, as to who would be entitled to the mortgaged property. Now, before the defendants in error acquired any right to the property mortgaged, the plaintiff in error took possession of the same. It is immaterial whether the mortgagee took possession *in invitum*, or the mortgagor voluntarily put him in possession, if the act be done in pursuance of a condition contained in the mortgage. (Jones, Ch. Mortg., § 164a.) The evidence established the fact that this possession was acquired two days before the assignment of the note to the defendants in error. Was not such possession good against the defendants in error? The right of the defendants in error did not attach until after the plaintiff in error had acquired possession. If a mortgagee takes possession of the mortgaged property before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties. (Jones, Ch. Mortg., § 178; *Dayton v. Savings Bank*, 23 Kas. 422; *Cameron v. Marvin*, 26 id. 612; *Corbin v. Kincaid*, 33 id. 649; *Dolan v. Van DeMark*, 35 id. 304; *Chipron v. Feikert*, 68 Ill. 284.)

It was said by Chief Justice Campbell, in the case of *Par-*

*sell v. Thayer,* 39 Mich. 467: "That an immediate and continuous change of possession into the hands of a mortgagee is the best possible notice of his rights against all others." Now, if it be conceded that the original mortgagee, under whom Brown & Co. claim, had notice of Gagnon's mortgage, the mortgagee could not have maintained replevin for the mortgaged property. It is true the mortgage was filed for record on the 16th day of November, 1886, but Brown & Co. acquired no rights to the property until the 1st day of December, 1886, when Gagnon was in possession of the property, so that the claim of Brown & Co. did not attach until the plaintiff in error had acquired possession under his mortgage; and we think, under the authorities cited, the defendants in error were bound to take notice of such possession. For the reasons given, we think the district court erred in its charge to the jury.

It is recommended that the judgment be reversed, and a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.