[No. 1159.  Decided March 12, 1894.]

JOSEPH HALL, *Respondent*, v. A. G. MATTHEWS AND
TACOMA GROCERY COMPANY, *Appellants*.

SALE — WHAT CONSTITUTES — CONSIDERATION — ANTECEDENT DEBT
— PRIORITY OF MORTGAGEE.

A finding of the trial court in an action at law that a sale of certain property was an absolute one will not be set aside when it appears from the evidence that the sale was made in consideration of a valid indebtedness from the seller to the purchaser, which was equal to the value of the property, and that the purchaser immediately took possession under the bill of sale and commenced disposing of the property as his own, although it appears that the purchaser was ignorant of the value of the property; that, at or near the same time the bill of sale was given, certain accounts were assigned by the seller to the purchaser; and that the testimony in regard to the cancellation by the purchaser of a promissory note as part of the consideration was not clear and satisfactory.

The holder of an unrecorded chattel mortgage given for a consideration passing between the parties at the time of its execution has no priority over one holding under a bill of sale of the same property, though the sale is in consideration of an antecedent debt, when the failure of the mortgagee to record his mortgage was due to an agreement between the parties made for the mortgagor's benefit.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein*, for appellants.

*O'Brien & Robertson*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — Prior to and on the 21st day of June, 1893, one Richards was the owner and in possession of a stock of merchandise, and engaged in a retail mercantile business in the town of Wilkeson, and on said date was indebted to the appellant, the Tacoma Grocery Company, in the sum of $700, for groceries previously sold by said appellant to him.  On said day, Richards, desiring to procure more

merchandise of appellant, executed to it a chattel mortgage on his stock of merchandise to secure the amount he owed for goods previously purchased, and also to secure the purchase price of the goods sold to him at the time the mortgage was given. By an agreement between the parties this mortgage was not placed on record, and Richards continued in possession of the property, and conducted the business as theretofore until the 24th day of July following, at which time he executed a bill of sale of said stock of groceries to the respondent Hall, who, as shown by the testimony, had no notice of appellant's mortgage.

On the day following the execution of the bill of sale, Hall sent an agent to Wilkeson, and took possession of the property and proceeded to dispose of it. Soon thereafter appellant placed its chattel mortgage on record, and instituted foreclosure proceedings by notice, under § 1650, *et seq.*, Gen. Stat., by virtue whereof it seems to have obtained possession of the property in some manner, and Hall brought this action in replevin to recover possession. A jury was waived, and the court found in favor of the plaintiff, and found that the bill of sale so executed by Richards to Hall was an absolute sale of the property in controversy.

The question first to be determined is whether the finding that it was an absolute sale can be set aside. Unless this question of fact is found in favor of appellant, the further question presented that the plaintiff could not maintain replevin is immaterial. This was an action at law, and therefore the question presented to us is, whether there was testimony before the lower court upon which its finding in this particular can be sustained, and we think it must be answered in the affirmative. There is no question raised but that the purported consideration for the bill of sale, that is, the indebtedness of Richards to Hall, was a good one and equalled the full value of the property.

Furthermore, Hall immediately proceeded to take possession of the property under said bill of sale, and commenced disposing of it as his own, and he testified upon the trial that it was an absolute sale.

Against this some strong circumstances, however, are presented. It does not appear that Hall knew anything about the value of this property at the time he claims to have purchased it, and satisfied an indebtedness of something over a thousand dollars which he held against Richards. He testifies that he had not seen said stock of merchandise for some months previously; and it does not appear that Richards or any one else represented to him at said time what the value of said stock was. Part of said consideration was a note for $500, given for money loaned by Hall to Richards. The respondent, in his brief, says as follows with regard to a portion of Hall's testimony:

''He positively swears that the instrument under which he claims was given and received as a bill of sale; that the consideration was fully paid by surrendering up Richards' note for $500, and settling up an account of $546.47 owed to him for liquors sold to Richards.''

But the brief does not refer to any page of the statement of facts showing such testimony with regard to the surrender of the note. After a careful examination of the testimony we fail to find anything even tending to show that said $500 note was surrendered to Richards at that time, or at all. Hall makes no such statement. Had such testimony been given at the trial it is difficult to understand why it was not put in the record, as it certainly had a most important bearing upon this question.

It further appears that while Hall was upon the stand and being cross examined, at the request of appellant's attorney, he produced the note. It was then evidently in his possession. But appellant in its reply brief does not

deny the statement made in the respondent's brief that Hall testified that he had surrendered the note to Richards. There were no entries in the books produced showing a settlement of the book account. These facts, however, do not conclusively prove that the note and account had not been settled. The note was not incorporated in the record in taking the appeal. It may have shown a cancellation upon its face.

There are other circumstances tending to show that said sale was not an absolute one, one of which is that certain accounts were assigned by Richards to Hall at or near the same time that the bill of sale was given. The testimony offered with regard to this is very meager. It is not claimed that they were sold outright to Hall for a valuable consideration, and there is nothing in the record explaining the transaction. Were this question of fact in controversy submitted to us to determine upon the preponderance of the evidence, as in an equity case, we should be compelled to find in favor of appellant, but the findings of the lower court on questions of fact in an action at law stand very much the same as the verdict of a jury, and we are not at liberty to set them aside because a preponderance of the evidence is against them.

Nor do we think appellant is in a position to raise the further point contended for that its mortgage claim is entitled to precedence of the transfer to the respondent, on the ground that its mortgage was given in part for a consideration which passed between the parties at the time of its execution, while the bill of sale to respondent was given on account of an antecedent debt. It is contended that a conveyance on account of preëxisting indebtedness is not in good faith as against the holder of such a prior unrecorded mortgage, and some authorities are cited by appellant sustaining this position. The question is an important one, but as it is not necessary to the decision of

this case, for the reason hereinafter stated, we express no opinion thereon.

It appears that Richards, while engaged in business, was buying goods of both parties, and as far as the $700 prior indebtedness of Richards to appellant is concerned, it is entitled to no precedence over his indebtedness to respondent. It appears, however, that the remaining sum of $300 of the mortgage consideration of $1,000 was given for goods which were sold to Richards at the time of the execution of the mortgage. With the exception of one small item, it does not appear that the indebtedness of Richards to the respondent was contracted after the execution of the mortgage, and if the note was not surrendered or canceled it would not appear that there had been any substantial change of the nature of the indebtedness, or the evidences thereof, of Richards to respondent.

Nor are we prepared to say, from the testimony, that the respondent was placed in any worse position on account of the execution of the bill of sale to him, and his actions thereunder, although he took and maintained possession of the stock of goods for two days, and made sales therefrom in conducting the store during said time.

But the failure to have the mortgage recorded was due to an agreement between the parties, and it appears that this agreement was made for Richards' benefit. Appellant concealed its rights in the premises to enable Richards to carry on his business and for the purpose of not impairing his credit, and Richards continued to buy and sell goods after the mortgage was given until the respondent took possession of the stock under his bill of sale. While we are satisfied that there was no actual intentional bad faith on the part of appellant in entering into this agreement, it practically amounted to bad faith as against the other creditors of Richards, for the effect of it was to lull them into an unwarranted feeling of security, and it is sufficient

to defeat appellant's contention in the premises, whatever rule should obtain with regard to the priority of such claims where the failure to record is due to some other cause. Had this mortgage been put upon record, respondent might have proceeded earlier and in some other manner to collect or secure his claim. Richards may have had other property at this time, from which the same could have been satisfied; in fact, it appears that at or near such time he did have outstanding accounts of some several hundred dollars in value.

Affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.