[No. 1815. Decided June 26, 1895.]

WILLAMETTE CASKET COMPANY, *Plaintiff*, v. CROSS UNDERTAKING COMPANY, *Defendant*, HISTOGE- NETIC MEDICINE COMPANY, *Respondent*, R. E. Mc- COY, *Receiver, Appellant.*

CHATTEL MORTGAGE — FAILURE TO RECORD — VALIDITY AGAINST RE- CEIVER OF MORTGAGOR.

Under Gen. Stat., § 1648, a mortgage of personal property is void unless recorded within a reasonable time, as to all creditors, who in good faith and without actual knowledge of such mortgage, extend credit to the mortgagor between the date of its execution and the time of recording, whether such creditors acquire a specific lien against the property or not.

When a chattel mortgage is inoperative as to creditors it is also inoperative as to the receiver of the mortgagor.

*Appeal from Superior Court, King County.*

*Clise & King* (*Shank & Smith*, of counsel), for appel- lant:

Upon the point that when credit is extended be- tween the date of making and the date of recording a chattel mortgage, the mortgage is void as to creditors, counsel cite *Thompson v. Van Vechten*, 27 N. Y. 581; *Karst v. Gane*, 136 N. Y. 316 (32 N. E. 1073); *Stephens v. Perrine*, 143 N. Y. 476 (39 N. E. 11); *Benedict v.*

*Smith,* 10 Paige, 126; *Parshall v. Eggert,* 54 N. Y. 18; *Meding v. Roe,* 30 Atl. 587; *Crippen v. Fletcher,* 56 Mich. 386; *Root v. Potter,* 59 Mich. 504; *Johnson v. Stellwagen,* 67 Mich. 10; *Brown v. Brabb,* 34 N. W. 403; *Cutler v. Steele,* 48 N. W. 631; *Dempsey v. Pforzheimer,* 49 N. W. 465; *Bacon v. Harris,* 62 Fed. 99; *Farmers,' etc., Bank v. Anthony,* 57 N. W. 1029; *Simpson v. Harris,* 31 Pac. 1009.

*Stratton, Lewis & Gilman,* for respondent:

A mortgage is valid between the parties whether recorded or not, and a creditor who seeks to impeach it must show that he has either a lien upon, or a specific right to the mortgaged property, and that his debt, where he is simply a general creditor, has been incurred between the date of the mortgage and the date of its record. *Wilson v. Leslie,* 20 Ohio, 161; *Kilbourne v. Fay,* 29 Ohio St. 264 (23 Am. Rep. 741); *Milton v. Boyd,* 22 Atl. 1079; *Mull v. Dooley,* 56 N. W. 513; *Button v. Rathbone,* 43 Hun, 147; *Jones v. Graham,* 77 N. Y. 628; *Corning v. Rinehart,* 46 Mo. App. 16; *Black Hills Mercantile Co. v. Gardiner,* 58 N. W. 557; *Bank v. North,* 51 N. W. 99; *First National Bank v. Guntermann,* 53 N. W. 919.

The opinion of the court was delivered by

HOYT. C. J.—The Willamette Casket Company commenced an action against the Cross Undertaking Company, a corporation organized under the laws of this state, to recover certain moneys alleged to be due from said corporation. In this action a receiver was appointed on the 7th day of May, 1894, and took possession of all the property of the corporation. Thereafter, the Histogenetic Medicine Company filed a petition in said action, setting up the fact that it was

the holder of a certain note and chattel mortgage made by said Cross Undertaking Company, and by virtue thereof entitled to the funds in the hands of the receiver derived from the sale of the property covered by the mortgage. The receiver, by way of answer, alleged that the note and mortgage were made without consideration; that the mortgage was made and delivered on the 22d day of December, 1893, and was not recorded until the 4th day of May, 1894; that between said dates the said Cross Undertaking Company had become indebted to the Willamette Casket Company for the moneys sought to be recovered in the action in which he had been appointed; that during the same time other debts had been contracted by said Cross Undertaking Company, which had been allowed by him as such receiver; that the amount of the claims so contracted and allowed was over $4,000; that the persons and corporations to which the indebtedness had been contracted, at the time of extending credit, had no knowledge of the existence of said chattel mortgage, or of the indebtedness thereby secured.

These allegations were put in issue by a reply and the cause was tried by the court without a jury. The court found the facts substantially in accordance with the allegations of the answer of the receiver upon all the issues excepting as to the sufficiency of the consideration to support the note and mortgage. As to this question the court found that the mortgage was, in the hands of the petitioner, a valid obligation against the said mortgagor, the Cross Undertaking Company. Upon these facts it found as conclusions of law that the Histogenetic Medicine Company was entitled to the relief prayed for in its petition, and

from a judgment entered in pursuance of such finding the receiver has appealed to this court.

No exceptions were taken to the findings of fact by either party; hence the only question presented for our consideration is as to whether or not such findings support the conclusions of law and judgment.

Upon the part of the respondent it is claimed that it did not sufficiently appear from the proof that the indebtedness for which claims had been allowed by the receiver had been contracted between the date of the execution of the mortgage and that of its being recorded. But, in view of the tenth finding, this fact, if fact it was, is not available as a support for the conclusions of law and judgment. Said finding, when fairly construed in the light of the allegations of the answer, must be held to have established, for the purposes of this case, the allegations of such answer, not only as to the amount of the indebtedness which had been allowed by the receiver, but also as to the dates between which such indebtedness had been created. It is not claimed that there was any proof tending to show that those who had extended such credit had any knowledge of the existence of the mortgage in question.

Under this state of facts it is contended by the appellant that under the provision of § 1648 of the General Statutes, the mortgage could not have been enforced as against the creditors, and for that reason could not be enforced as against him as their representative. That part of said section material to this question is as follows:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless . . . it is . . . recorded in the

13 — 12 WASH.

same manner as is required by law in conveyance of real property."

And if the language used be given its ordinary significance, it would seem to fully warrant such contention. It is claimed, however, by the respondent, that only such creditors are protected by the provisions of this section as before the time of the recording of the mortgage have obtained some specific lien upon the property. But such construction would do violence to the language used. The statute makes no distinction as to the creditors who are to be protected, and we see no good reason for holding that one class rather than another was intended. One is as much a creditor before his claim has been made a specific lien upon certain property as after, and for that reason an unsecured creditor is as well described by the language of the section as one who had procured a specific lien as security for his claim. The intention of the legislature was to protect those who should give credit upon the faith of property owned by one to whom it was extended, and to give force to such intention the term "creditors," as used in the act, must be held to cover all classes of creditors.

The cases cited by the appellant from this court, while not directly in point, are sufficiently so to justify their citation in support of the contention. The cases so cited are *Baxter v. Smith*, 2 Wash. T. 97 (4 Pac. 35); *Darland v. Levins*, 1 Wash. 582 (20 Pac. 309); *Hall v. Matthews*, 8 Wash. 407 (36 Pac. 262); and *Radebaugh v. Tacoma & Puyallup R. R. Co.*, 8 Wash. 570 (36 Pac. 460). The language of the statute, and these authorities, satisfy us that it was the intention of the legislature to give no preference to a chattel mortgagee over the claims of creditors who should become such after its

execution, unless it was recorded within a reasonable time after its execution, and that the mortgage in question was not recorded within such reasonable time.

As to whether or not creditors whose claims existed at the time the mortgage was executed could take advantage of the failure to record, it is not necessary for us to decide, for the reason that, as we have seen, the court found that these creditors became such after the date of the mortgage. If the mortgage was thus inoperative as to creditors, we do not think it will be seriously contended that it would not be inoperative as to the receiver as their representative; for while it is true he also represents the corporation itself, yet his appointment prevented them from protecting themselves and must be held to have fully protected their rights.

The other question discussed was as to the effect of the alleged insolvency of the corporation upon the mortgage; but it is not necessary that we should say anything upon that subject.

The judgment must be reversed and the cause remanded with instructions to proceed in the matter of the claim of the petitioner in accordance with this opinion; the appellant to recover costs of the proceeding in the court below and upon this appeal.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.