ALLEN v. AMERICAN LOAN & TRUST CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

### No. 317.

MORTGAGES—AFFIDAVIT OF GOOD FAITH—RECORDING—RIGHTS OF CREDITORS.
   A statute of Washington provides that "a mortgage of personal property is void as against creditors * * * unless it is accompanied by the affidavit of the mortgagor that it is made in good faith * * * and it is acknowledged and recorded." *Held*, that under this statute a mortgage of real and personal property, which, when executed and recorded as a mortgage of realty, is not accompanied by the affidavit required by the statute, is not for that reason absolutely void as against creditors, but upon the affidavit being subsequently attached to it, and its being recorded as a mortgage of personal property, it acquires validity as such, except as against intervening rights and liens, or creditors who may have become such on the faith of the property's being unincumbered.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

Hudson & Holt and T. N. Allen, for appellant.

George Donworth, James B. Howe, and John P. Judson, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. On December 31, 1891, the Olympia Light & Power Company executed a mortgage of all its property, both real and personal, to the American Loan & Trust Company, to secure an issue of bonds amounting to $150,000. This mortgage was duly acknowledged as required by law, but did not have attached to it at the time of its original execution the affidavit required by the statute of Washington in order to constitute it, as to creditors, a valid chattel mortgage. It was recorded January 20, 1892, in the records of mortgages of real estate, but not in the book of chattel mortgages. On June 1, 1893, the intervener became an unsecured creditor of the mortgagor in the sum of $8,000. On November 16, 1893, the mortgagor, while perfectly solvent, caused to be attached to the mortgage the affidavit requisite to constitute it a perfect chattel mortgage, and on November 17, 1893, it was duly recorded as such in the chattel mortgage records. Thereafter the American Loan & Trust Company instituted suit in the circuit court of the United States for the district of Washington to foreclose said mortgage, and in said foreclosure suit a receiver was appointed, who qualified and took possession of all the property of the mortgagor. Subsequently the intervener recovered judgment against the Olympia Light & Power Company, the mortgagor therein, upon his debt contracted as above stated. He intervened in this suit, and now claims the right to have his judgment satisfied out of the proceeds arising from the sale of the personalty covered by the mortgage before said proceeds are applied to the satisfaction of the mortgage indebtedness. A demurrer to the petition for intervention was interposed upon the ground that it did not state facts sufficient to entitle the intervener to the relief prayed for therein. The demurrer was sustained, and petition for intervention dismissed, and judgment entered against him for costs. From that judgment this appeal is taken.

Did the court err in sustaining the demurrer? The answer to this question depends upon the construction to be given to the statute of Washington which reads as follows:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay or defraud creditors and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property." 1 Hill's Code Wash. § 1648.

This statute, it will be observed, makes a distinction between creditors and subsequent purchasers and incumbrances; but, while it protects only purchasers and incumbrances "for value and in good faith" against the operation of a mortgage not properly executed and recorded, all classes of creditors come within its provisions. Willamette Casket Co. v. Cross Undertaking Co., 12 Wash. 190, 194, 40 Pac. 729. The contention of appellant is that the mortgage was void as to him when his debt was contracted, and that no subsequent action in supplying the defect of the absence of the affidavit required by law could in any manner impair or affect his rights. Can this contention be maintained? It is true that at the time the debt to the intervener accrued the mortgage was void as to all creditors. Why?

Because it did not have attached to it the affidavit of the mortgagor that it was "made in good faith, and without any design to hinder, delay or defraud creditors." For the want of this affidavit, the mortgage could not be recorded as a chattel mortgage. It imparted no notice to any one. It was not of any binding force. It created no lien upon the property. To all intents and purposes, as a chattel mortgage, it was invalid as to creditors. Being invalid and void in its then condition, could it be made valid by the subsequent act of the mortgagor in supplying the affidavit which the law required, and the act of the mortgagee, of having it, in its corrected form, recorded in the book of chattel mortgages?

Under the facts in this case, the question of appellant having been induced to give credit on the faith of the mortgagor having unincumbered personal property is eliminated from this case. If we correctly understand appellant's position, it is that if a new mortgage had on November 16, 1893, been drawn up in the language contained in the original, duly acknowledged, with the proper affidavit attached, and regularly recorded, it would have been valid as security for the debt for which the original mortgage was given; but he contends that inasmuch as the original mortgage was void at the time of its execution, as against creditors, no subsequent act could make it valid. This argument states a difference in fact, without any distinction in principle. The original mortgage, as acknowledged and recorded, was a valid real-estate mortgage. It was simply void as to the personal property. When the mortgagor attached the proper affidavit to it, and the mortgagee caused it to be recorded, it had the same force, vitality, and effect as if the instrument had then been again written, signed, and acknowledged. If any intervening rights or liens had been secured before the defect was cured, such rights would, of course, have priority over the mortgage; but the intervener is not in a position to urge this point. The legal principle here involved was presented and elaborately discussed by the supreme court of Kansas in Cameron v. Marvin, 26 Kan. 612, 627, as will be seen by the following statement of the court:

"Counsel for defendant in error seem to contend that where a chattel mortgage is not recorded immediately after it is executed, and the property is not immediately delivered to the mortgagees, it is absolutely void as to all creditors whose debts have been created subsequent to the execution of the mortgage, and prior to its being recorded, and prior to the delivery of the property, without reference to any lien procured upon the property by virtue of an attachment or an execution, or otherwise; that is, they claim that such a mortgage is so absolutely void as to general creditors whose debts have been created after the execution of the mortgage, and before the recording of the same, or before the delivery of the property, that they may obtain a lien upon the property after the mortgage is recorded, and after the property is delivered, by virtue of an attachment or other legal process."

The court, in answering this contention, after stating that an unrecorded mortgage of property not delivered to a mortgagee is void as against creditors without notice, and referring to other questions not specially important here, expressed its opinion upon this subject as follows:

"If the mortgagee, whose mortgage is not recorded, and who does not have possession of the property, records his mortgage with the consent of the mort-

gagor, or takes possession of the property with the consent of the mortgagor, his mortgage then has the force and effect of the mortgage executed on the day on which it is filed for record, or on which the property is delivered. It is the same then as though a new mortgage had been executed by the parties and recorded. The old mortgage is then given life and force and effect by the joint action of both the parties, and hence must be held to be valid from that time on as against all persons."

This conclusion is based upon the principle that a mortgagor who is indebted to several parties has the unquestioned right to mortgage his property to secure any of his debts, and to give preference to one creditor over others, so long as he acts in good faith, without any intention to hinder, delay, or defraud other creditors. Mr. Jones, in his work on Chattel Mortgages, says that:

"If a mortgagee takes possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity. The subsequent delivery cures all such defects, and it also cures any defects there may be through an insufficient description of the property. * * * Delivery of possession under a mortgage before rights have been acquired by others will cure any invalidity there may be in the instrument, whether arising from an insufficient execution of it, the omission to record it, or from its containing a provision which makes it void except as between the parties." Jones, Chat. Mortg. § 178.

In Reed v. Bank of Commerce, 8 Wash. 539, 36 Pac. 484, the court held that where possession is taken under the mortgage the rights of the mortgagee do not depend upon the affidavit as to its execution having been in good faith. In Willamette Casket Co. v. Cross Under-taking Co., supra, it does not appear that the mortgagor did anything after contracting the new indebtedness to make the mortgage operative in favor of the mortgagee as against debts contracted after the delivery of the mortgage. The court was not called upon to discuss, and did not express any opinion upon, the question which is directly involved in this case. There is no decision of the supreme court of Washington, to which our attention has been called, which, upon similar facts, announces any principle in opposition to the views we have expressed. The judgment of the circuit court is affirmed.