[No. 11805.   Department One.   October 9, 1914.]

HENRY P. WATSON, *Respondent,* v. FIRST NATIONAL BANK OF CLARKSTON, *Appellant.*[1]

CHATTEL MORTGAGES—VALIDITY—LACK OF AFFIDAVIT AND RECORD-ING—MORTGAGEE IN POSSESSION—RIGHTS OF SUBSEQUENT CREDITORS. Where a chattel mortgage was invalid as to creditors for lack of an affidavit of good faith and because of failure to record it, it is never-theless valid as between the parties, and becomes effective as to a subsequent general creditor, where, with the consent of the mort-gagor, the mortgagee took possession of the property before such creditor acquired a specific lien on the property.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered August 8, 1913, upon findings in favor of the plaintiff, in an action for conversion, tried to the court.   Affirmed.

*Chas. L. McDonald* and *W. A. Hall,* for appellant.

*Ben F. Tweedy* and *Elmer E. Halsey,* for respondent.

MAIN, J.—The purpose of this action was to recover the value of personal property alleged to have been wrongfully taken from the plaintiff and sold upon execution.   The cause

[1]Reported in 143 Pac. 451.

was tried to the court without a jury. Judgment was entered for the plaintiff as prayed for in the complaint. The defendant appeals.

The facts are not in dispute. They are as follows: On the 9th day of February, 1910, the members of a partnership, doing business in the firm name and style of "The Clarkston Box and Manufacturing Company," executed and delivered to one Elizabeth Thompson their promissory note for $2,000, and to secure the payment of the same, executed, on the same day, a chattel mortgage covering certain personal property. This mortgage did not contain an affidavit of good faith as required by the laws of this state, and was never recorded in the auditor's office, as required by the statute in order to be effective as notice. The note and mortgage, by assignment, became the property of the plaintiff on or about April 10, 1911. Thereafter, with the consent of the mortgagor, the plaintiff took possession of the mortgaged property. Subsequent to the execution and delivery of the mortgage to Elizabeth Thompson, and prior to the date when the plaintiff took possession of the property under the mortgage, the First National Bank of Clarkston loaned to the partnership the sum of $2,500, taking a promissory note therefor. This note not being paid when due, suit was begun thereon and judgment rendered in favor of the bank and against the copartnership on April 8, 1912. Under this judgment, execution was issued and the property sold. From these facts, it appears that the bank became a general creditor prior to the time when possession of the property was taken by the plaintiff under the mortgage, and that, subsequent to the time when the possession was taken, the bank secured a judgment against the copartnership and levied upon and sold the property covered by the mortgage.

There is but one question in this case which, stated in the language of the appellant in its brief, is this:

"Will the taking possession of chattel mortgaged property by a mortgagee under and by virtue of a chattel mort-

gage which has never been filed, indexed, or recorded, give such a mortgagee a prior lien on the property superior to a general creditor who gave credit to the mortgagor subsequent to the execution of such mortgage and prior to the mortgagee taking possession without notice, express or implied, of said mortgage or of the indebtedness sought to be secured thereby, and which creditor, having reduced his claim to judgment, seized the property on execution subsequent to the mortgagee taking possession but prior to any judgment or decree foreclosing the mortgage?"

A chattel mortgage not recorded as required by statute (Rem. & Bal. Code, § 3660 [P. C. 349 § 3]) while void as to creditors who have acquired some form of lien upon the mortgaged property, is, nevertheless, valid as between the mortgagor and the mortgagee. In *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211, it was said:

"Whether properly recorded or not, the mortgage was valid as between the mortgagor and mortgagee, and it is only creditors who have acquired some form of lien upon the mortgaged property that can question the right of the mortgagee to foreclose against such mortgaged property."

Where the mortgage is executed and delivered, and prior to the time of its being recorded, persons other than the mortgagee become general creditors of the mortgagor, but do not become lien creditors until after the mortgage is filed for record, the rights of the mortgagee are superior to those of such general creditors. The mortgage speaks as of the date it is placed of record. In *Pacific Coast Biscuit Co. v. Perry,* 77 Wash. 352, 137 Pac. 483, it was said:

"The conceded facts in this case show that the Pacific Coast Biscuit Company had no specific lien upon any property of the mortgagor at the time the mortgage was filed for record on September 7, 1911. Up to that time, under many decisions of this court, the mortgage was void as to creditors. But when it was filed for record, and when the mortgagee took possession of the property, as he did in this case, his lien became perfect and superior to the claim of the other creditors having no specific lien. We think there can

be no doubt of the correctness of this position under the statute.

"In so far as the case of *Willamette Casket Co. v. Cross Undertaking Co., supra,* may be said to hold that an unrecorded mortgage is absolutely void and may not become valid when properly filed, that case must be overruled. Under the conceded facts in this case, we think it is clear that the appellant, by reason of recording his mortgage prior to the judgment of the Pacific Coast Biscuit Company, obtained a first lien upon the property covered by the mortgage; and the sale thereof under his mortgage, being regular, passed title to the appellant and, that Oswald had no further interest in the property."

Where the mortgagee takes possession of the property covered by an unrecorded chattel mortgage, the mortgage speaks as of the date when the possession was taken. From that time, the mortgage is valid as to all creditors who have not, prior thereto, acquired a right to the specific property or a lien thereon. *First Nat. Bank of Fergus Falls v. Anderson,* 24 Minn. 434; *First Nat. Bank of Madison v. Damm,* 63 Wis. 249, 23 N. W. 497; *Martin v. Holloway,* 16 Idaho 513, 102 Pac. 3, 25 L. R. A. (N. S.) 110; *Gagnon v. Brown,* 47 Kan. 83, 27 Pac. 104; *Garrison v. Street & Harper Furniture & Carpet Co.,* 21 Okl. 643, 97 Pac. 978, 129 Am. St. 799; *Cameron Hull & Co. v. Marvin,* 26 Kan. 612.

In the last case cited, speaking upon this question it was said:

"And if the mortgagee, whose mortgage is not recorded, and who does not have possession of the property, records his mortgage with the consent of the mortgagor, or takes possession of the property with the consent of the mortgagor, his mortgage then has the force and effect of a mortgage executed on the day on which it is filed for record, or on' which the property is delivered. It is the same then as though a new mortgage had been executed by the parties and recorded. The old mortgage is then given life and force and effect by the joint action of both parties, and hence must be held to be valid from that time on, as against all persons."

In the present case, the possession was taken under the unrecorded mortgage prior to the time when the appellant recovered its judgment and levied execution thereon. Under the authorities above referred to, the rights of the respondent by virtue of the mortgage and the possession taken thereunder were superior to those of the appellant, who became a general creditor prior to the taking of the possession, but did not reduce its claim to judgment until subsequent thereto.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.