## In re BOLSTAD.

(District Court, W. D. Washington, N. D. June 22, 1915.)

No. 5400.

BANKRUPTCY ☜184—LIENS—CHATTEL MORTGAGES—DELAY IN FILING.
    Rem. & Bal. Code Wash. § 3661, requires chattel mortgages to be filed within 10 days in the auditor's office of the county, and section 3662* provides that such filing shall be notice to all the world of the existence and conditions of such mortgage. Bankr. Act July 1, 1898, c. 541, § 47 (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), provides that the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and as to property not in the custody of the bankruptcy court, all the rights of a judgment creditor holding an execution duly returned unsatisfied. *Held* that, though a chattel mortgage was not filed within 10 days, where it was filed before bankruptcy proceedings were commenced the mortgagee's rights were superior to those of the trustee; it not appearing that there were any creditors of the bankrupt prior to the recording of the mortgage.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. ☜184.]

In Bankruptcy. In the matter of Henry B. Bolstad, bankrupt. On petition to review. Decision of referee affirmed.

Leopold M. Stern, of Seattle, Wash., for trustee.
C. J. Smith, of Seattle, Wash., for mortgagee.

NETERER, District Judge. On September 5, 1913, bankrupt executed a chattel mortgage. This was filed for record in the auditor's office November 24, 1913. On January 22, 1915, a petition and schedules in voluntary bankruptcy were filed, and adjudication followed. A trustee was duly elected, who took possession of all of the property of the bankrupt, including the mortgaged property. The mortgagee applied to have the mortgaged property, or the proceeds from its sale, set aside, or paid to him, setting up the fact of execution and recording of the mortgage and nonpayment. Issue was taken by the trustee and the matter came on for hearing, as to the validity of the mortgage, be-

284 .                224 FEDERAL REPORTER

fore the referee; it being contended by the trustee that the mortgage, not having been filed for record within 10 days after its execution, became void. The referee held the mortgage a subsisting lien. A petition to review this holding is presented. The trustee relies upon In re American Machine Works, 174 Fed. 805, 98 C. C. A. 513, in which the Court of Appeals of this Circuit, following the line of decisions of the state court in construing the conditional sale statute, found that the failure to record a conditional sale contract within the time fixed by the act makes the delivery of the personal property an absolute sale, and contends, by analogy, the construction placed upon the conditional sale statute would apply to the chattel mortgage statute.

Section 3661, Rem. & Bal. Code of Washington, provides that every chattel mortgage shall be filed within 10 days, in the auditor's office of the county in which the mortgaged property is situated, and provides for indexing, and fees for filing, and for release. Section 3662 provides that such filing shall be notice to all the world of the existence and conditions thereof. It is asserted, the mortgage becoming void as to subsequent creditors on failure to file within 10 days, that under the provisions of section 47, clause 2, subd. (2), of the Bankruptcy Act as amended in 1910, which provides:

"And such trustees, as to all property in the custody * * * of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 36 Stat. at Large, 840

—the trustee had a lien under the Bankruptcy Act, and within the provisions of the Washington statute. While there has been some confusion in the holding of the state court upon the conditional sale statute and chattel mortgage recording act, I think the question has been definitely disposed of by the Supreme Court of Washington. There is nothing in the record to show that there were any creditors of the bankrupt prior to the recording of the mortgage. The Washington court, in Watson v. First National Bank, 82 Wash. 65, at page 67, 143 Pac. 451, at page 452, says:

"Where the mortgage is executed and delivered, and prior to the time of its being recorded, persons other than the mortgagee become general creditors of the mortgagor, but do not become lien creditors until after the mortgage is filed for record, the rights of the mortgagee are superior to those of such general creditors. The mortgage speaks as of the date it is placed of record."

Had proceedings in bankruptcy been inaugurated before the filing of the mortgage, there could be no question as to the trustee's superior claim. In Willamette Casket Co. v. Cross Undertaking Co., 12 Wash. 190, 40 Pac. 729, the court held that an unrecorded mortgage was absolutely void, and may not become valid when properly filed; but that case was overruled in Pacific Coast Biscuit Co. v. Perry, 77 Wash. 353, 137 Pac. 483, and reference thereto made in Watson v. First National Bank, supra, in which case the court also cited with approval Cameron Hull & Co. v. Marvin, 26 Kan. 612, in which the court said:

"And if the mortgagee, whose mortgage is not recorded, and who does not have possession of the property, records his mortgage with the consent of the mortgagor, or takes possession of the property with the consent of the mortgagor, his mortgage then has the force and effect of a mortgage executed on the day on which it is filed for record, or on which the property is delivered. It is the same then as though a new mortgage had been executed by the parties and recorded. The old mortgage is then given life and force and effect by the joint action of both the parties, and hence must be held to be valid from that time on, as against all persons."

I. do not think that In re American Machine Works, supra, has application here. I think the referee was right, and his decision is affirmed.