EDWARD B. MERRILL, Respondent, *v.* THE CONSUMERS'
COAL COMPANY, Appellants.

*N. Y. Court of Appeals, April 23, 1889.*

Affirming 53 N. Y. Supr. Ct. (21 J. & S.), 540, Mem.

1. *Admission in answer. Authority of corporate agent.*—A corporation,
by admitting, in its answer, the employment of plaintiff under a con-
tract with its president, for the term of one year, admits the authority
of its president to make the contract.
2. *Question presented for review.*—A corporation in order to present for
review the question whether or not its president has exceeded his
authority in making a contract, must bring it specifically to the atten-
tion of the trial court, on its motion to dismiss the complaint.
3. *Approval of contract.*—The admission in the answer conceding the
authority of its president to contract, his previous making similar con-
tracts with the approval of the board of directors, and plaintiff's per-
formance of the services called for by the contract, with the knowledge
of the directors, are sufficient to warrant a finding that the contract of
the president was approved, or acquiesced in, by the directors.

Appeal from a judgment of the general term of the
superior court of the city of New York, affirming a judg-
ment entered upon a verdict.

*Henry D. Hotchkiss,* for respondent.

*Lewis B. Schram,* for appellant.

HAIGHT, J.—This action was brought to recover three
hundred shares of the capital stock of the defendant, or
their value. The complaint alleges that the plaintiff en-
tered into an agreement with the defendant to render and
perform legal services for the corporation and to act and
appear for it as its attorney for the space of one year, and
that he was to be paid therefor three hundred shares of the
stock of the company, of the par value of five dollars per
share ; that the services had been rendered, and the stock
demanded, but that no part thereof had been delivered to

him.   The answer admitted that the defendant employed the plaintiff to act for it as its attorney for the space and period of one year, but alleged that no definite agreement was made in regard to compensation.   Upon the trial there was a conflict in the testimony as to the terms of the contract.   The jury rendered a verdict in favor of the plaintiff for $1,500, thus finding the contract as alleged in the complaint.

It appeared upon the trial that the agreement on the part of the defendant was made by its president.   After the plaintiff had given his evidence, the defendant moved to dismiss the complaint upon the ground that there was no proof of any authority on the part of the president to make the contract.   This motion was denied and an exception was taken.   And again, at the close of the testimony, the defendant's counsel renewed his motion to dismiss the complaint upon the ground that, on all of the evidence, there was nothing to show an employment by the corporation.   This motion was also denied and an exception taken.   It is now contended that the president had no authority to make the agreement with the plaintiff to pay him with the stock of the company ; that the power to issue or dispose of stock is vested in the board of directors and not in the president.   It does not appear to us that this question was fairly raised by the exceptions taken; the answer, as we have seen, admitted the employment of the plaintiff for the term of one year.   The corporation, by admitting so much of the agreement, admits the authority of the president to make the contract.   The answer only denies that portion of the agreement which provides for the payment of the plaintiff in the stock of the company.   It is as to this portion only that the appellant now claims that the president exceeded his authority, but in no place was the attention of the trial court called to the question of the excess of authority by the president.   The motions to dismiss the complaint were general, and to the effect that there

was no authority on the part of the president to make the contract, and do not call the attention of the trial court to the excess of authority now contended for.

It seems that this was the way that the motions were understood upon the trial, for, at the close of the charge of the court to the jury, the defendant requested the court to charge in substance, that if they found that the contract was made as asserted by the plaintiff, that the matter was not brought before the board of directors, and that there was, consequently, no agreement on the part of the corporation. The court then made its final ruling upon the proposition by stating to the defendant's counsel that his answer admitted that there was an agreement. To this ruling, he appears to have acquiesced, as no exception was taken. Had the defendant desired to present the question of the excess of authority on review, he should have called it to the attention of the trial court.

But even if it should be held, that the exceptions taken were sufficiently explicit to raise the question, still it appears to us that the motions were properly denied, for the reason that there is some evidence tending to show authority on the part of the president to make the contract. In the first place, it is, as we have seen, admitted by the answer that the agreement had been made by the corporation employing the plaintiff for one year. The authority of the president to contract is thus conceded. It further appears from the testimony, that the corporation had, from its commencement, hired attorneys to represent it by the year, and that the hiring had been done by the president, with the approval of the board of directors; that he had, prior to the hiring of the plaintiff, paid the attorneys so hired by him in the stock of the company; that the plaintiff had performed the services called for by the contract, with the knowledge of the directors. It is true that the president testified that he did not recollect that the arrangement with the plaintiff had been brought up at any of the meetings of the directors,

but he does not appear to be positive upon this point. He was a party in interest, and his credibility was for the jury. We are of the opinion that the foregoing facts, and the inferences to be drawn therefrom, are sufficient to warrant a finding that the contract of the president was approved or acquiesced in, by the directors.

These views render it unnecessary to determine the question as to whether the president had the power to agree to pay the plaintiff for his services, out of the stock of the company, without the consent of the board of directors.

The evidence of the plaintiff is to the effect that the president told him that the stock was of the actual value of $5 per share at the time the contract was made. There is no evidence that the value of the stock changed after that time. The court instructed the jury that this was some evidence from which they could find that its actual value was, at that time, $1,500. No exception was taken to this charge. There is, consequently, nothing upon this branch of the case presented for review.

The judgment should be affirmed, with costs. So ordered.

All concur.