(12 Misc. Rep. 71.)

SKINNER ENGINE CO. v. OLD STATEN ISLAND DYEING ESTABLISHMENT.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS.
    One who accepts from his debtor the note of a third person in payment of the debt is not a holder of such note for value, unless he accepts it in extinguishment of the debt.

Appeal from city court, general term.

Action by the Skinner Engine Company against the Old Staten Island Dyeing Establishment, on a promissory note made by defendant to the order of William Barnhurst, for $558.90, dated July 18, 1893, at 90 days, indorsed and delivered before maturity by Barnhurst to plaintiff for a valuable consideration, as alleged. Defendant denied the delivery, and set up an affirmative defense of failure of consideration. From a judgment of the city court (28 N. Y. Supp. 598), affirming a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George Zabriskie, for appellant.

Ewing, Whitman & Ewing (Hampton D. Ewing, of counsel), for respondent.

DALY, C. J. The trial judge directed a verdict for the plaintiff, on the ground that the evidence established that it was a holder for value, before maturity, of the note in suit, without notice of the equities set up in the answer. The defendant claims that the evidence shows that the plaintiff took the note in payment of an antecedent debt, but not in discharge or extinguishment thereof, and therefore parted with no value. The acceptance by a creditor from his debtor of a new security or obligation for an old debt is the mere substitution of one executory agreement for another, and there is no extinguishment of such debt unless there is an express agreement to accept the new obligation or security as a satisfaction of the old (Mayer v. Heidelbach, 123 N Y. 332–340, 25 N. E. 416), or unless there is a surrender of the evidence of the former indebtedness (Youngs v. Lee, 12 N. Y. 552: Brown v. Leavitt, 31 N. Y. 113). In the present case no security or evidence of indebtedness was surrendered by the plaintiff on receiving the note in suit from the payee. It is claimed, however, that there was an agreement that it should be received in extinguishment of the debt, and that this agreement was to be inferred from a previous course of dealing and arrangement between the parties. The transfer of this note was evidenced by a correspondence between the payee and the plaintiff; the latter asking for a settlement for three engines shipped to him for which he was indebted in the sum of $853, and stating that, if the parties did not desire to pay all cash, plaintiff would be willing to take half cash, and their note at 60 days for the balance. In reply, the payee stated that he would send a piece of short customer's paper on account; and two days later transmitted the note in suit in a letter, suggesting that it be handed to the bank for collection at once, to which defendant answered that it was immediately placed in the bank, and would go to its proper destination the next morning. The correspondence contained no statement from which an agreement to take the note in extinguishment of the prior debt should be inferred. The receipt of a note in

payment of a precedent debt does not alone operate as a discharge of the debt pro tanto. Fisher v. Sharpe, 5 Daly, 214.

The plaintiff's books showed an entry of a credit made to the payee of this note. It was testified by the treasurer of the plaintiff company that the company had prior transactions with the payee for a number of years, and had received commercial paper in payment of accounts, and that, when it was received, it was said between them that it was accepted as an extinguishment of the debt, and that the note in suit was not received in any other way. On cross-examination, however, the witness modified his statement by testifying that he told the payee that the company would be willing at any time to take approved paper in settlement for anything he bought. This was not an agreement for the extinguishment of the debt, and did not, under the authorities, discharge the debtor from it. The plaintiff was therefore not a holder for value within the rule protecting such holder against prior equities.

The answer sets up a defense which, if proved, would be sufficient. It appears that the note was given by the defendant to Barnhurst upon the faith of his contract previously made to erect an iron smokestack at defendant's works, which was to be furnished with guy bands, rope, etc., to posts or fastenings, and for which he was to be paid the sum of $535; that he set up the smokestack, but without guying it fast as agreed, and received defendant's note in advance of the completion of the work, upon his promise to immediately complete the same, which he, however, neglected to do, the smokestack being subsequently blown down, and damaging defendant's buildings to their damage in more than the amount of the note; and that this occurred before the transfer of the note to the plaintiff. The facts pleaded will show a failure of consideration, which was available as a defense against a holder of the note who had not parted for value.

With respect to the proof of transactions between the president of the plaintiff company and the payee of the note, to establish that it was taken in extinguishment of the old debt, it is proper to say that the testimony of the president should have been submitted to the jury as that of an interested party; not because of pecuniary interest in the result of the action, but of his business relations with the plaintiff and the interest or bias which might result therefrom. Carbon Works v. Schad, 38 Hun, 71; Merrill v. Coal Co., 114 N. Y. 216, 21 N. E. 155; Goldsmith v. Coverly (Sup.) 27 N. Y. Supp. 116. The interest of the witness, though he may be unimpeached, requires that his testimony should be submitted to the jury. Elwood v. Telegraph Co., 45 N. Y. 549.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.