[No. 5158.    Decided March 1, 1905.]

W. H. KIRWIN et al., Respondents, v. THE WASHINGTON MATCH COMPANY et al., Appellants.[1]

CORPORATIONS—CONTRACTS—TRUSTEES—AGENTS—RATIFICATION BY STOCKHOLDERS—STATUTES—CONSTRUCTION. The statute providing that the powers of a corporation shall be exercised by its board of trustees is not exclusive, and a contract made by agents, which was within the powers of the corporation, may be ratified at a stockholders' meeting so as to become a binding obligation.

SAME—ACCEPTING BENEFITS OF CONTRACT—ESTOPPEL. Where money is received and used for the benefit of a corporation by its executive officers who were also trustees, the corporation ratifies the contract under which the money was paid, and is estopped to deny the authority of its agents to make the same.

Appeal from an order of the superior court for Pierce county, Huston, J., entered December 18, 1903, after a hearing on the merits before the court without a jury, appointing a receiver during the pendency of the action. Affirmed.

H. E. Foster, for appellants.

J. W. A. Nichols and John C. Stallcup, for respondents.

[1]Reported in 79 Pac. 928.

MOUNT, C! J.—The statement of facts in this case was stricken at the hearing. The only question now remaining in the case for our consideration is the sufficiency of the complaint to state a cause of action. The complaint alleges, in substance, that on the 3d day of April, 1903, plaintiffs entered into a contract with certain agents acting for and on behalf of The Washington Match Company, a corporation, by the terms of which contract plaintiffs agreed to advance to said company $15,000, for which certain security was to be given; that, under said contract, plaintiffs furnished to said company the sum of $3,000, which money was received and used by the said company, by and under the direction of the general manager and the president thereof;

"that, prior to the time of paying the said money, these plaintiffs, at a stockholders' meeting of said corporation, duly presented and submitted to said meeting the contract aforesaid, for ratification or rejection, and at said meeting, by a vote of said stockholders, the said contract was ratified and approved as the contract of the said company, and all moneys furnished, and to be furnished, by these plaintiffs, under such contract, and the indebtedness thereby incurred, was assumed as and for the indebtedness of said company, and by it decreed to be repaid to these plaintiffs;"

that the said ratification was duly entered and spread upon the records of the said corporation. The complaint also alleges, that the contract has been by the defendants forfeited, and that the representations by which plaintiffs were induced to enter into the contract were false and fraudulent; that the corporation is insolvent; and that the property thereof is being dissipated. The prayer is for judgment for the money furnished the corporation, and for the appointment of a receiver.

The only point which appellants attempt to make

against the complaint is that the action of the stockholders, in ratifying the alleged contract, was void, for the reason that "the corporate powers of a corporation shall be exercised by a board of not less than two trustees, who shall be stockholders in the company" (Bal. Code, § 4255) ; and that "a majority of the whole number of trustees shall form a board for the transaction of business" (Bal. Code, § 4257). While it is true that the powers of the corporation shall be exercised, under the statute, by a board of trustees, we think this power is not lodged exclusively in such board, so as to prevent a ratification by the stockholders of a contract within the powers of the corporation to make. The general rule is that "a corporation, like a natural person, may ratify, affirm, and validate any contract made or act done in its behalf which it was capable of making or doing in the first instance." 10 Cyc. p. 1069. There is no claim made here that the corporation itself, by its board of trustees, was incapable of making the contract in question. The trustees themselves were stockholders in the corporation and, presumably at least, assented to the ratification by the stockholders.

The complaint is sufficient upon another principle. It alleges that the money was received from plaintiffs, and used for the benefit of the corporation, by its executive officers, who were also trustees.

"A leading principle in the law relating to this subject is that where a contract is made by one assuming to act in behalf of a corporation, and for a purpose authorized by its charter, and the corporation, after knowledge of the facts attending the transaction is brought home to its proper officers, receives and retains the benefit of it without objection, it thereby ratifies the unauthorized act and estops itself from repudiating it. The reason is that it must exercise its option of affirming or disaffirming in whole and not in part; that it cannot disaffirm so much of the unauthorized act as is onerous, while retaining so much

of it as is beneficial; that it cannot keep the advantage, while repudiating the burden; that it cannot disaffirm the contract, while keeping the consideration." 10 Cyc. p. 1078.

Under this rule, it was not necessary for the complaint to allege a ratification by the stockholders. The allegation that the money was received and retained, and used for the benefit of the corporation, by the executive officers thereof, was sufficient.

The judgment is affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.