[No. 6495.   Decided April 2, 1907.]

ABNER McKINLEY, *Respondent*, v. MINERAL HILL CONSOLI-
DATED MINING COMPANY, *Appellant*.[1]

CORPORATIONS—NOTES—OFFICERS—AUTHORITY AND CONSIDERATION—
PLEADING. A complaint alleging an indebtedness by a corporation,
and the execution and delivery of a note therefor, reciting that it
was for value received, sufficiently alleges consideration for the note
and execution by the corporation without stating the authority for
the execution, which is matter of defense.

SAME—APPARENT AUTHORITY. Where a note was executed by the
president and general manager of a corporation in the presence of
its officers and board of trustees, the corporation is liable thereon,
unless it shows affirmatively that the act was unauthorized.

SAME—RATIFICATION—RECEIPT OF BENEFITS. A corporation can-
not set up want of authority in its president to execute a note, where
it had received benefits by way of money advanced and services ren-
dered for which the note was given.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered June 18, 1906, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action on a promis-
sory note. Affirmed.

*M. J. Gordon* and *Charles A. Murray*, for appellant.

*Albert G. Starkey* and *Clyde H. Belknap*, for respondent.

HADLEY, C. J.—This is a suit to recover upon a promis-
sory note. The complaint avers that the defendant, a cor-
poration, being indebted to the plaintiff, made and delivered
to the plaintiff its promissory note for the sum of $2,500.

[1]Reported in 89 Pac. 495.

The copy of the note which appears in the complaint states that the note was given for value received, and the signature thereof is as follows: "Mineral Hill Consolidated Mining Co., by Arthur A. Dunphy, Pres." The usual averments as to ownership and nonpayment of the note are made, and judgment is demanded for the full principal sum, with interest and attorney's fees. The answer admits the corporate character of the defendant, but denies the indebtedness, the execution of the note, and all other material allegations of the complaint. It is also affirmatively alleged that, if the plaintiff ever received from anyone such a promissory note as is set forth in the complaint, he had full knowledge that the same had been made and was delivered to him without any authority to any person to sign and deliver it in behalf of said corporation; that the corporation never received any consideration for the note, never authorized its execution and delivery, and never ratified the same. The cause was tried before the court without a jury, and resulted in a judgment for the full amount demanded, from which the defendant has appealed.

The several assignments of error involve the contention that neither the authority of the corporation to execute the note, nor that the corporation received any benefit as a consideration for it, was shown. Objection was first made to the introduction of any evidence, on the ground that the complaint failed to state a cause of action in the particulars above named. The complaint alleged that the corporation was indebted to respondent, that it made and delivered the note to the respondent, and the note itself, which was made a part of the complaint, also stated that it was for value received. The complaint was therefore sufficiently explicit. It squarely alleged that the corporation itself made and delivered the note as its own act. It could not have been so made as the act of the corporation without authority to the one who performed the clerical work of signing it and attaching the corporate seal.

"The acts constituting the cause of action should be alleged as the acts of the corporation; it is not necessary to aver that they were done by and through the authorized agents of the corporation." 5 Ency. Plead. & Prac. p. 92.

The complaint sufficiently alleged an authoritative execution, and want of authority therefore became a matter of defense. *Malone v. Crescent City M. & T. Co.,* 77 Cal. 38, 18 Pac. 858; *Merrill v. Consumers' Coal Co.,* 114 N. Y. 216, 21 N. E. 155. It was, therefore, not error to overrule the objection to the introduction of testimony on the ground that authority to execute the note was not alleged. The objection upon other grounds specified was also properly overruled. The averments that the corporation was indebted to the respondent, and that the note was for value received amounted in effect to specific pleading that there was a consideration to support the note. In addition thereto, the written instrument, having been sufficiently pleaded, imported a consideration.

At the trial the evidence showed that the note was executed by the president and general manager of the corporation in the presence of the secretary and other officers of the company. The testimony did not show that the president was not authorized to make the note or that his act was not ratified. No action of the board of trustees in the premises was, however, shown, and appellant contends that, under Bal. Code, § 4255 (P. C. § 7059), such action should have affirmatively appeared before authority to execute the note could have been found. It is true the cited statute provides that the corporate powers of a corporation shall be exercised by a board of trustees; but this court long since held that, when a corporation allows a person in a large measure to control its business transactions, it must be held responsible for his acts in the name of the corporation, until it has been affirmatively shown that such acts were unauthorized. *Carrigan v. Port Crescent Improvement Co.,* 6 Wash. 590, 34 Pac. 148. See, also, *Saunders v. United States Marble Co.,*

25 Wash. 475, 65 Pac. 782; *Anderson v. Wallace Lumber & Mfg. Co.*, 30 Wash. 147, 70 Pac. 247; *West Seattle Land etc. Co. v. Novelty Mill Co.*, 31 Wash. 435, 72 Pac. 69. Furthermore, the evidence showed that the corporation had received the benefits by way of money loaned or advanced by respondent, and by way of his labor and services, which made the consideration for the note. Under such circumstances the corporation will not be heard to say that it neither authorized nor ratified the execution of the note. *Allen v. Olympia Light & Power Co.*, 13 Wash. 307, 43 Pac. 55; *Kirwin v. Washington Match Co.*, 37 Wash. 285, 79 Pac. 928.

We think the judgment is supported by the record before us, and it is therefore affirmed.

RUDKIN, DUNBAR, MOUNT, CROW, ROOT, and FULLERTON, JJ., concur.