[No. 7624.    Decided June 14, 1909.]

THE STATE BANK OF WASHINGTON, *Respondent*, v. SPOKANE-
COLUMBIA RIVER RAILROAD AND NAVIGATION
COMPANY, *Appellant*.[1]

CORPORATIONS—CONTRACTS—EXECUTION OF NOTE—OFFICERS—GEN-
ERAL POWERS.  There is sufficient *prima facie* evidence of the execu-
tion of a note by a corporation, where it is shown that the note was
given for obligations of the corporation, and was executed by an
officer to whom the trustees had intrusted the sole management of
its financial affairs.

APPEAL—REVIEW—HARMLESS ERROR—WITNESSES—IMPEACHMENT.
It is not prejudicial error to sustain objections to questions tending
to impeach a party's own witness, claimed to be prejudiced, where
he had in effect fully answered a similar question, and the facts
were otherwise established so that his evidence would not have
changed the result.

NEW TRIAL—NOTICE OF HEARING—NECESSITY.  The statute does
not require formal three days' notice of the hearing of a motion for
a new trial to be served upon the party making the motion.

Appeal from a judgment of the superior court for Spo-
kane county, Warren, J., entered October 24, 1907, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action on contract.
Affirmed.

*B. C. Mosby*, for appellant.

*Cullen & Dudley* and *Samuel R. Stern*, for respondent.

FULLERTON, J.—The State Bank of Washington, a bank-
ing corporation, brought this action against the Spokane-
Columbia River Railroad and Navigation Company to re-
cover upon certain obligations which it alleged were due and
owing to it by the railroad company.  Subsequent to com-
mencing the action, it became insolvent and Horace Kimball
was appointed its receiver.  The railroad company also be-
came insolvent at about the same time, and B. C. Mosby was

[1]Reported in 102 Pac. 414.

appointed its receiver. The obligations sued upon were five in number, a promissory note for $300, an interest account of $800, an overdraft of $592.63, a promissory note for $28,657.80, and a draft, paid by the bank at the request of the railroad company, in the sum of $2,266.34. The receiver for the railroad company, answering in its behalf, admitted the railroad's liability on the first, second, third and fifth of these obligations; but for answer to the fourth, denied that the note was the note of the defendant corporation, and averred that for its execution there was no consideration save an indebtedness of slightly over $6,000, which indebtedness included the principal sums in the other four obligations mentioned. The affirmative matter in the answer was put in issue by a reply, and a trial had before the court without a jury, resulting in findings in favor of the plaintiff for the several sums admitted, and for $26,891.45 on the disputed item. From a judgment entered in accordance therewith, the receiver for the railroad company has appealed.

The first error assigned relates to the admission of the disputed note in evidence—the contention being that the note was not shown to have been executed by direction of the trustees of the corporation, or under their authority. But there was evidence tending to show that the note was executed for obligations of the corporation, and evidence that it was executed by a trustee who was secretary and treasurer of the corporation, and the trustee to whom the other trustees had intrusted the sole management of the corporation's financial affairs. This was a sufficient showing to authorize the introduction of the note in evidence, and sufficient to hold the corporation, until, at least, an affirmative showing was made to the effect that the note was not the note of the corporation. As we said in *McKinley v. Mineral Hill Consol. Min. Co.*, 46 Wash. 162, 89 Pac. 495:

"When a corporation allows a person in a large measure to control its business transactions, it must be held respon-

34—53 WASH.

sible for his acts in the name of the corporation, until it has been affirmatively shown that such acts were unauthorized."

To an understanding of the second assignment, a short statement of the proceedings had at the trial is necessary. As a part of its evidence in chief, the respondent called as a witness one E. W. Swanson, who testified that he was the officer of the corporation who executed the disputed note in suit, and to facts tending to show its due execution. He was not cross-examined by the appellant. After the respondent had rested its case, the appellant called Mr. Swanson as a witness on its own behalf. In answer to questions put to him by counsel, he stated that he was president of the respondent bank, as well as secretary and treasurer of the appellant railroad company; that overdrafts and previous notes given formed the consideration for the notes in suit, and that these were given for construction work on the road, to pay for work on the road, and to pay the incidental expenses in connection with building the line; and that he knew when the note was given the exact amount of indebtedness the railroad company owed the bank. Thereupon the following occurred:

"Q. Mr. Swanson, I will ask you whether or not in the trial of the case of the Farmers & Mechanics Bank against Strahorn, in which I intervened as Receiver of this Railroad, you did not testify that you did not know that the indebtedness from the Road to the bank was $15,000? Mr. Dudley: I object to it, this is Mr. Mosby's witness. Mr. Mosby: This is an anomalous condition of affairs. Mr. Dudley: He cannot impeach his own witness. Mr. Mosby: I do not want to impeach him, but I want the facts brought out to the Court. Mr. Stern: It cannot be for any other purpose. The Court: Objection sustained. Q. Mr. Swanson, do you or do you not know that the indebtedness from the Spokane & Columbia River Railroad & Navigation Company to the State Bank of Washington was or was not over $6,000 at the time this note was given? A. I know it was over $6,000. Q. Do you know how much over $6,000, Mr. Swanson? A. Why I can't state the exact figures. Q. Now, as the Secretary and Treasurer of the Railroad Company, Mr. Swanson, I want to impeach your

testimony as the President of the State Bank of Washington. Don't you know as a matter of fact that there was no such indebtedness existing from the railroad company to the bank as that note shows at the time that the note was given by the railroad company to the bank, at the time it was given? A. No, sir, I do not. Q. What? A. No, sir. Q. Mr. Swanson, didn't I ask you, on the trial of the case before Judge Huneke, being the case of the Farmers & Mechanics Bank against Strahorn, in which I intervened as Receiver, whether or not the indebtedness from the road to the bank was $15,000 and didn't you say that you did not know? A. Yes, sir, I believe I stated so. Q. Well, have you gotten any information since then that you had not at that time? A. No, not particularly, I don't think. I stated to you at that time that I did not think this note, that the indebtedness to the road was as large as his note. Q. Mr. Swanson, referring to the matter of your testimony in the case of the Farmers & Mechanics Bank against Strahorn, in which I intervened, you did not know at that time that the indebtedness from the road to the bank was $15,000, did you? Mr. Dudley: I object to it. The Court: That is the same thing, you are cross examining your own witness. Mr. Mosby: He is, as I say, the whole thing in the railroad company and the whole thing in the bank and has given a note from himself to himself. The Court: When you make him your witness, you are bound by what he says whether as the Secretary and Treasurer of the Railroad Company or as the President of the State Bank. You are bound by whatever he says. He cannot swear one way as one thing and another way as another. Now, you are asking him to impeach himself. Mr. Mosby: I am not impeaching Mr. Swanson, but I do not understand that I am estopped from showing that the witness has made contradictory statements proving that the facts were different from what he now says they are. The Court: As your witness? Mr. Mosby: Yes, sir. The Court: You cannot contradict your own witness unless you can show that he is a prejudiced witness. Mr. Mosby: May it please the Court, I am showing he is prejudiced and hostile inasmuch as he is representing the plaintiff in this case. The Court: That don't make him a prejudiced witness. Mr. Mosby: His interests are inimical to that of the railroad company in this case. The Court: He is

now your witness.    Awhile ago he was their witness, now he is your witness."

Thereupon the objection was sustained.    The refusal of the court to allow the appellant to examine the witness as to his statements made in the former hearing constitute the error here assigned.

The better rule undoubtedly is, that a party who has been surprised at the unfavorable testimony of a witness he has called in his own behalf, may ask such witness whether he has not made contradictory statements at other times and places, and if the witness denies it, show by other evidence that he has made such statements; and in this case it would have been proper to have permitted the witness to answer the questions to which objections were made.    However, we do not think the error prejudicial in this instance.    In substance the witness did testify that he had answered at another time and place that he did not know whether the indebtedness of the railroad company to the bank was as much as $15,000, and had he answered the questions here propounded to him affirmatively, he could have said but little more.    The proofs of the indebtedness and the genuineness of the note did not depend entirely upon the testimony of this witness.    The cashier of the bank was sworn and testified not only to the execution of the note, but to the fact that it was executed to take up the indebtedness of the railroad company to the bank.    No evidence was offered in opposition to this testimony, and indeed counsel representing the railroad stated he had no evidence which directly impugned the validity of the note.    This being true, it would be useless to send the case back for a new trial, as the result must be the same no matter how the witness might answer the question excluded.

The third assignment is based on the contention that it was not proven that the railroad company had in reality received full value for the note sued upon.    But without reviewing the evidence at length, it is our opinion that the evidence decidedly preponderates in favor of that conclusion.    This

case does not differ, in respect to the proofs required to maintain it, from that of any other civil action at law to recover money. The burden was on the plaintiff to maintain its allegations by a preponderance of the evidence. As we think it did this, we hold it entitled to recover.

The appellant, after the court had announced its decision, filed a motion for a new trial. This motion was taken up and heard without the formal three day's notice being served upon it, although its counsel was given notice of the hearing and an opportunity to present the motion formally. The court in ruling that the formal notice was unnecessary followed the case from this court of *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, which holds that a party filing a motion for a new trial is not entitled to notice of the time of hearing the motion. The appellant seeks to escape the force of the decision by showing a change in the wording of the statute on which the decision was based made subsequent to the decision. But the change as we read it does not affect this question, and on the authority of that case, we hold formal written notice unnecessary.

The judgment will stand affirmed.

ALL CONCUR.