PACIFIC STATE BANK v. COATS.

In re RAYMOND BOX COMPANY et al.

(Circuit Court of Appeals, Ninth Circuit. May 21, 1913.)

No. 2,193.

1. CORPORATIONS (§ 432*)—WRITTEN INSTRUMENTS—EXECUTION—AUTHORIZATION—PRESUMPTIONS.

When an instrument is proved to have been signed by corporate officers and the corporate seal is attached, the courts will assume that the seal

was fixed by proper authority, and that the execution of the instrument was duly authorized.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

2. CORPORATIONS (§ 399*)—ACTS OF CORPORATE OFFICERS—AUTHORITY.

Persons dealing with corporate agencies may rely on the apparent authority of those in charge of the corporate business, and for acts done within the scope of that authority the corporation is bound.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1588, 1602–1610; Dec. Dig. § 399.*]

3. CORPORATIONS (§ 425*)—ACTS OF OFFICERS—RATIFICATION—ESTOPPEL.

Where money is received and used for the benefit of a corporation by its executive officers, who are also its trustees, the corporation ratifies the contract under which the money is paid, and is estopped to deny the authority of its officers to make it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.*]

4. CORPORATIONS (§ 398*)—OFFICERS—EXECUTION OF MORTGAGE—AUTHORITY.

Where the president and secretary of a corporation were not only its sole trustees, but also its sole stockholders, a mortgage of the corporation's property to secure a loan of money used for the corporation's benefit, executed by them and to which they attached a corporate seal, was not invalid because they did not convene as a board of trustees, and resolve that they be authorized as officers to mortgage the corporation's property.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1592–1594; Dec. Dig. § 398.*]

5. CORPORATIONS (§ 293*)—OFFICERS—QUALIFICATIONS.

Where the president of a corporation retained the voting power represented by stock standing in his name which he had contracted to sell, he would be deemed the holder of the stock so far as it was necessary to qualify him to participate in the management of the business affairs of the company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1258–1262; Dec. Dig. § 293.*]

6. BANKRUPTCY (§ 185*)—RIGHTS OF TRUSTEE—VALIDITY OF MORTGAGE.

Under Bankr. Act July 1, 1898, c. 541, § 47, cl. 2, subd. "a," 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), giving to trustees in bankruptcy as to all property in the custody or coming into the custody of the bankruptcy court all rights of lien creditors and as to all property not in the bankruptcy court, the rights of a judgment creditor holding an execution duly returned unsatisfied, the trustee of a bankrupt corporation had capacity to contest the validity of a mortgage covering the corporation's real and personal property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 235, 273; Dec. Dig. § 185.*]

7. BANKRUPTCY (§ 184*)—MORTGAGES—VALIDITY—RECORD.

Under Ballinger's Ann. Codes & St. § 4558, making a mortgage of personal property void against creditors unless recorded, a mortgage of both real and personal property belonging to a corporation, though filed and recorded as a real estate mortgage, was void as to creditors in so far as it purported to create a lien on personal property as against the corporation's trustee in bankruptcy, where not recorded in the proper county auditor's office as a chattel mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8. BANKRUPTCY (§ 172*)—MORTGAGES—DEFECTIVE RECORD—LIEN.**

Since under Ballinger's Ann. Codes & St. §§ 4535, 4536, providing for the execution and recording of real estate mortgages, an unacknowledged mortgage is sufficient to create an equitable lien on the specific property mortgaged as security for the payment of the debt, and an attachment, judgment, or execution lien creditor of the mortgage acquires no rights in the property except on the interest which the mortgagor may have at the time the lien attaches, which is all the mortgagor's trustee in bankruptcy can acquire as provided by Bankr. Act July 1, 1898, c. 541, § 47, cl. 2, subd. "a," 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended June 25, 1910, c. 412, § 8 (U. S. Comp. St. Supp. 1911, p. 1500), defectively acknowledged mortgage of a corporation's real property having been recorded in the proper auditor's office was valid as against the corporation's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 220; Dec. Dig. § 172.*]

Appeal from District Court of the United States for the Western Division of the Western District of Washington.

Claim by the Pacific State Bank against A. S. Coats, as trustee in bankruptcy of the Raymond Box Company, bankrupt. From a judgment of the District Court disallowing the claim, claimant appeals. Modified and affirmed.

H. W. B. Hewen, of South Bend, Wash., Maurice A. Langhorne and Elmer M. Hayden, both of Tacoma, Wash., for appellant.

Charles E. Miller, of South Bend, Wash., for A. S. Coats, John T. Welsh, of South Bend, Wash., and Martin C. Welsh, of Raymond, Wash., for appellees answering creditors.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. A. S. Coats is trustee in bankruptcy of the Raymond Box Company, a corporation. On December 2, 1910, the company executed and delivered to appellant, the Pacific State Bank, a note for the sum of $23,400 and a mortgage to secure its payment upon certain real and personal property of the bankrupt. The bank in due time filed its claim with the trustee, asserting preference over the general creditors as to such property by reason of its mortgage. Objections having been interposed to the validity of the mortgage on account of alleged irregularities attending its execution, acknowledgment, and recording, the cause was submitted to the District Court for its determination, and, the decision being adverse to the bank, it has appealed to this court.

Three questions have been urged for decision. The first relates to the authority of the officers of the Raymond Box Company to execute the mortgage; the second to the right of the trustee, in his capacity as such, to insist upon the invalidity of the mortgage, if invalid; and the third to the regularity of the acknowledgment of the mortgage, and as to the personal property the regularity of its recording. The mortgage is signed as follows: "Raymond Box Company. By J. A. Heath, President. Attest: Miles H. Leach, Secretary" and has the corporate seal attached. It purports to have been executed "with the authority

of the Board of Trustees"; but it is objected that the board of trustees did not, by resolution or otherwise, specifically direct the execution of such instrument, nor did the board by any act upon its part as a board delegate to such officers the requisite authority therefor. For this reason, it is urged that the mortgage was executed without the requisite power on the part of the president and secretary, and hence that it is a nullity and void. Upon the other hand, it is insisted that the president and secretary, according to the record of the company, are its only stockholders, and, being the only trustees of the concern, might regularly execute the mortgage, although not specifically directed and empowered to do so by resolution or other authority of the trustees acting together as a board.

[1] Three principles apply here, and will aid in the solution of the problem. When an instrument is proven to have been signed by corporate officers and the corporate seal is attached, the courts will assume that the seal was affixed by proper authority, and that the execution was duly authorized. Such execution and attachment of the corporate seal is at least prima facie the act of the corporation. Thompson on Corporations, §§ 1893, 1928; Milton v. Crawford, 65 Wash. 145, 152, 118 Pac. 32.

[2] "Persons dealing with corporate agencies have a right to rely upon the apparent authority of those in charge of the corporate business, and for acts done within the scope of that authority the corporation is bound." Parker v. Hill, 68 Wash. 134, 146, 122 Pac. 618, 623.

[3] And, where money is received and used for the benefit of a corporation by its executive officers who are also its trustees, the corporation ratifies the contract under which the money was paid, and it is estopped to deny the authority of its agents to make the same. Kirwin v. Washington Match Co., 37 Wash. 285, 79 Pac. 928.

[4] In the case at bar we have the president and secretary, who are not only the sole trustees of the corporation, but its sole stockholders, receiving money to the use and benefit of the corporation, and executing a mortgage on the company's property to secure the payment thereof; and they attach the corporate seal. To what other source could one look for corporate power to do the thing that was done? And then we have the apparent authority and the ratification. Can it be that this instrument is void, and will be so declared by a court of justice, because these two stockholders, officers, and trustees did not convene in board meeting, and solemnly declare and resolve that they, as officers, be authorized to execute the instrument given to secure moneys that such officers received to the use and benefit of the corporation? It could hardly seem so. In such a case the act of meeting together and authorizing themselves to do the thing we call executing the mortgage becomes a mere formality which the law does well to disregard, and the mortgage ought not to, and will not be, held to be a nullity because of the omission of the formality.

[5] There is a question made as to whether Heath was the owner of any stock in the Box Company, which is based upon the fact that he at one time agreed to sell an undivided half interest in 40 shares, and thereafter breached his contract. But it appears that Heath re-

tained the voting power respecting the stock, and must be deemed to have been the holder so far as the management of the business affairs of the company is concerned.

[6] Is the trustee in bankruptcy in a position to controvert the validity of the mortgage either as a real or chattel mortgage? It is insisted on the part of the bank that, because the trustee represents only creditors who became such after the date of giving the mortgage, he cannot question the validity of such mortgage. The bankruptcy statute provides that:

"Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

This is an amendment to section 47, cl. 2, sub. "a," adopted June 25, 1910, ch. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500). It is the purpose of this amendment to vest in the trustee for the interest of all creditors the potential rights of creditors possessing or holding liens upon the property coming into his custody by legal or equitable proceedings. The trustee no longer stands in the shoes merely of the bankrupt, with the limited rights of the bankrupt to attack unrecorded liens which may be valid and unimpeachable by such bankrupt; but the amendment by operation of law vests in him a lien equivalent to such as would be acquired by legal or equitable proceedings upon the property coming into his custody by virtue of the bankruptcy proceedings. "The class of cases, unprovided for by the original act, and intended to be reached by the amendment," says Mr. Collier in his work on Bankruptcy (9th Ed.) p. 659, "was that in which no creditors had acquired liens by legal or equitable proceedings and to vest in the trustee for the interest of all creditors the potential rights of creditors potential with such liens." "This provision of the Bankruptcy Act," says Witner, Judge, in Re Hartdagen (D. C.) 189 Fed. 546, 549, 26 Am. Bankr. Rep. 532, 535, "puts the trustee, in so far as the assets of the estate are concerned, in the position of a lien creditor," distinguishing the case of York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and others of its character, which it is thought inspired the amendment. Mr. Collier is further of the view that:

"The purpose of Congress was to embrace within these words every class of creditors with liens by legal or equitable proceedings favored by the varying registration laws of each of the states." Collier on Bankruptcy, p. 660.

See, also, In re Calhoun Supply Co. (D. C.) 189 Fed. 537, 26 Am. Bankr. Rep. 528; In re Franklin Lumber Co. (D. C.) 187 Fed. 281; In re Williamsburg Knitting Mill (D. C.) 190 Fed. 871, 27 Am. Bankr. Rep. 178; In re Bazemore (D. C.) 189 Fed. 236.

The acknowledgment of the mortgage is in the following language:

"Be it remembered that on this 2d day of December, 1910, before me, the undersigned, a notary public in and for the state of Washington, personally appeared the within named J. A. Heath and Miles H. Leach, each to me well

known to be the identical persons above named and whose names are subscribed to the within and foregoing instrument, the said J. A. Heath, as president, and the said Miles H. Leach, as secretary of said corporation, and the said J. A. Heath acknowledged to me then and there that he as president of said corporation had affixed said name together with his own name, freely and voluntarily as his free act and deed and the free act and deed of said corporation; and the said Miles H. Leach also then and there acknowledged to me that he as secretary of said corporation had signed the above instrument as secretary of said corporation by his free and voluntary act and deed and the free and voluntary act and deed of the said corporation."

Attached to the mortgage is the affidavit of J. A. Heath and Miles H. Leach, which reads:

"We, J. A. Heath and Miles H. Leach, president and secretary respectively of the Raymond Box Company, a corporation, the above-named mortgagor, after being duly sworn on oath, say that the foregoing mortgage is made in good faith and without any desire to hinder, delay or defraud creditors."

The mortgage was duly filed in the county auditor's office, and recorded in mortgage records, but not in the records kept for recording chattel mortgages.

It is urged by the trustee that the mortgage is void for the reasons that the certificate of acknowledgment does not show that the persons executing it were known to the notary to be the officers of the corporation, that such officers were sworn and on oath stated that they were authorized to execute the same, or that the seal affixed is the corporate seal of the company. It is further insisted that the mortgage is void as a chattel mortgage because not recorded as such in the auditor's office.

[7] Let us first consider the validity of the mortgage as a chattel mortgage, in so far as the trustee may be affected thereby. Under the laws of the state of Washington, a mortgage of chattels must be recorded in the office of the county auditor of the county in which the mortgaged property is situated, in a book kept exclusively for that purpose. Section 4559, Ballinger's Ann. Codes and Stats. of Washington. By the previous section it is provided:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property."

And it has been held by the Supreme Court of the state that a chattel mortgage, although duly acknowledged as a real estate mortgage, which is filed and recorded in the records of real estate mortgages only, and not in a book kept exclusively for the purpose of recording chattel mortgages in the county auditor's office, is not effective to impart notice to third persons, and the fact of the recording in the real estate record of mortgages is insufficient as a recording of the mortgage. Dunsmuir v. Port Angeles Gas, Water, Electric L. & P. Co., 24 Wash. 104, 63 Pac. 1095, 1098.

That court has also construed section 4558 to mean practically what its language imports, namely, that a personal property mortgage un-

recorded is void against all creditors of the mortgagor, whether prior or subsequent, and especially the latter. In Willamette Casket Co. v. Cross Undertaking Co., 12 Wash. 190, 194, 40 Pac. 729, 730, the court said:

"The language of the statute and these authorities satisfy us that it was the intention of the Legislature to give no preference to a chattel mortgagee over the claims of creditors who should become such after its execution, unless it was recorded within a reasonable time after its execution, and that the mortgage in question was not recorded within such reasonable time."

And it was held in that case that the creditors who became such subsequent to the execution and filing of the chattel mortgage were entitled to a superior right over the mortgage. This decision was followed in a subsequent case, namely, Manhattan Trust Co. v. Seattle Coal & Iron Co., 16 Wash. 499, 48 Pac. 333, 737, wherein it was held in effect that the mortgage unrecorded was void as to subsequent creditors. The case of Roy & Co. v. Scott, Hartley & Co., 11 Wash. 399, 39 Pac. 679, is not in accord with these decisions as it respects the construction of the statute, but these being the later will prevail. So that under the authorities here cited, and by which we are controlled as they construe the laws of Washington, the mortgage in the present case as a chattel mortgage must be held to be void as against the trustee, because it was not regularly recorded as a chattel mortgage in a book kept exclusively for that purpose in the auditor's office. This upon the specific language of the statute rendering the mortgage void as to creditors of the mortgagor.

[8] As it pertains to the regularity of the acknowledgment of the document as a real estate mortgage, we have concluded it may well be conceded to be irregular, and yet it must be held that the mortgage is good as against the trustee in bankruptcy, and constitutes a superior lien to the demand of such trustee, under the holding of the Supreme Court of the state of Washington, read in connection with section 47a, sub. 2, of the Bankruptcy Act. It seems to be settled law in the state that an unacknowledged deed is good as between the parties thereto, and conveys at least the equitable title to the real property involved. Matson v. Johnson, 48 Wash. 256, 258, 93 Pac. 324, 125 Am. St. Rep. 924. See, also, Carson v. Thompson, 10 Wash. 295, 38 Pac. 1116, and Bloomingdale v. Weil, 29 Wash. 611, at page 634, 70 Pac. 94, at page 102. In the latter case, the court says:

"The fact that an instrument is defectively acknowledged, or that the certificate of acknowledgment is defectively certified, will not affect its operative force, at least in equity, as against the grantor or one who is not a bona fide purchaser."

An unacknowledged mortgage or one defectively acknowledged must needs stand in the same category as an unacknowledged deed, and would consequently be good as between the parties. At least it would operate to create an equitable lien upon the specific property as security for the payment of the demand sought to be secured. The statute of Washington provides that:

"All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against bona fide purchasers from the date of their filing

for record in said office; and when so filed shall be notice to all the world." Section 4535, Ballinger's Ann. Codes & Stats. of Washington.

Section 4536 further provides:

"Every instrument in writing purporting to convey or encumber real property, which has been recorded in the proper auditor's office, although such instrument may not have been executed and acknowledged in accordance with the law in force at the time of its execution, shall impart the same notice to third persons, from the date of recording, as if the instrument had been executed, acknowledged, and recorded in accordance with the laws regulating the execution, acknowledgment, and recording of such instrument then in force."

So it would seem that a deed or mortgage, even though defectively acknowledged, if recorded in the proper auditor's office, will impart the same notice to third persons from the date of recording as if the instrument had been regularly executed and acknowledged under the laws then in force.

It is not entirely clear whether this latter section was intended as a curative statute or not, but it has been uniformly held by the Supreme Court of the state that a judgment creditor is not a bona fide purchaser, and that the lien of the judgment binds only the interest that the judgment debtor actually has in the real estate. The question was elaborately discussed, and so concluded in Dawson v. McCarty, 21 Wash. 314, 57 Pac. 816, 75 Am. St. Rep. 841. That was a case where a judgment was duly rendered subsequent to the due execution of a mortgage but prior to its recordation, and it was held that the lien of the mortgage was superior in right to the judgment. The learned judge rendering the opinion quotes from Pomeroy's Equity Jurisprudence, § 721, as follows:

"The doctrine is certainly established as part of the equity jurisprudence, and rests upon the solid basis of principle that prior equitable interests in rem, including equitable liens upon specific parcels of land, have priority of right over the general statutory lien of subsequent docketed judgments, although the latter is legal in its nature. Judgment creditors are not 'purchasers,' within the meaning of the recording acts, and, unless expressly put upon the same footing, they do not obtain the benefit which a subsequent purchaser does by a prior record. The equitable doctrine is that a judgment, and the legal lien of its docket, binds only the actual interest of the judgment debtor, and is subject to all existing equities which are valid as against such debtor."

This doctrine he applies to the case, and, after examining other authorities, says:

"The decided weight of authority seems to be that the term 'bona fide purchasers,' in the recording act, does not include a judgment creditor."

And he further says:

"It is immaterial whether the mortgagee is strictly a bona fide purchaser within the meaning of the statute. The question is whether the judgment creditor is a bona fide purchaser, and thus within the protection of the statute."

And it was finally adjudged that the judgment lien should be subordinated to the lien of the mortgagee.

In a much earlier case it was said that:

"An execution creditor is not a bona fide purchaser. He parts with no consideration on account of the goods, and he takes no greater interest than his debtor has." Scott v. McGraw, 3 Wash. 675, 29 Pac. 260.

And in another case it was said:

"It has been established as the rule in this state that a judgment is a lien upon the real, and not the apparent, interest of the debtor. An execution creditor purchasing at his own sale is not a bona fide purchaser. He parts with no consideration, and takes no greater interest than his debtor has." Woodhurst v. Cramer, 29 Wash. 40, 48, 69 Pac. 501, 503.

See, also, Hacker v. White, 22 Wash. 415, 60 Pac. 1114, 79 Am. St. Rep. 945; American Sav. Bank & Trust Co. v. Helgesen, 67 Wash. 572, 575, 122 Pac. 26, Ann. Cas. 1913A, 390.

Such being the law of the state of Washington as expressed by the Supreme Court, it is clear that an attachment, judgment, or execution lien creditor acquires no rights in the property except upon the interest which the debtor may have therein at the time the lien attaches; and such is all the trustee can acquire under the clause of the Bankruptcy Act which we have been discussing, being vested with and entitled to all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceeding, or of a judgment creditor holding an execution duly returned unsatisfied. The mortgage must be held to be superior in right to the statutory lien of the trustee.

The decree of the court below will therefore be modified, the mortgage being declared void as to the personal property and valid as to the real property, and superior to any right of the trustee therein; and such will be the order of the court, with costs to the appellant.