[No. 24963. Department Two. January 28, 1935.]

SETH EKSTROM, *Respondent*, v. D. DIERSSEN, INC., *et al., Appellants.*[1]

*Wettrick, Wettrick & Flood*, for appellant.

*Tom Alderson*, for respondent.

GERAGHTY, J.—This suit was brought by plaintiff Ekstrom to recover upon a promissory note for thirty-

[1]Reported in 40 P. (2d) 138.

two hundred dollars, and to foreclose a real estate mortgage given as security. While numerous defendants are named in the complaint, an appearance was made only by D. Dierssen, Inc., a corporation, D. Dierssen, individually, and D. Dierssen as executor of the estate of Sophia Dierssen, his deceased wife. The cause was tried to the court, and findings of fact and conclusions of law favorable to the plaintiff were made and judgment entered for the amount found due upon the note, and for the foreclosure of the mortgage. The defendants appeal.

The note and mortgage were executed October 17, 1921. The note was signed by D. Dierssen, Inc., and D. Dierssen individually. The mortgage was executed by the corporation. It was in the form of a deed, covered timber lands in King county, Washington, and was recorded in the office of the county auditor. It contained a recital that it was given

". . . as security for loans made by party of the second part to party of the first part herein, said above described real estate to be conveyed back to first party hereto upon payment to second party, said loans and interest."

We shall refer to the instrument as a mortgage.

Prior to the execution of the note and mortgage, Dierssen and his wife Sophia had organized the appellant corporation, and had conveyed to it all of their property, each spouse owning one-half of its capital stock. Sophia Dierssen died in November, 1923. She left a nonintervention will in which her husband was named executor. The will was duly admitted to probate, and the husband qualified as executor. The will left all of the decedent's property to her children. An inventory was filed by the executor, but no order of solvency was had. Notice to creditors was given for the required period. No claims were filed against the

estate except for funeral expenses, which were paid. It appears that no formal settlement of the estate or decree of distribution was had.

On the back of the note in suit is an endorsement of the payment of interest to October 17, 1922. The next endorsement recites payment of fifty dollars on account of interest on October 15, 1928; and underneath this latter endorsement is the signature of appellant Dierssen. This payment, if made, tolled the operation of the statute of limitations, which otherwise would have run against the note shortly thereafter.

After the death of Sophia Dierssen, D. Dierssen, Inc., conveyed all of its property to appellant Dierssen and the heirs of Sophia Dierssen, subject to respondent's mortgage. The heirs, with the exception of a son, later reconveyed all of their interest to D. Dierssen. The son who did not reconvey to the father conveyed his interest to a third person, also subject to the mortgage. The deed conveying the corporate property to Dierssen was signed by him as president of the corporation and by the respondent as secretary. In her lifetime, the wife was secretary of the corporation; after her death, the respondent signed corporate documents as secretary, doing this, as he testified, to accommodate appellant Dierssen. They were on friendly terms, and Dierssen appears to have had much confidence in the respondent.

After the conveyance to him of the land covered by the mortgage, appellant Dierssen made a contract for the sale of the standing timber on the land, and assigned the proceeds of the contract to the respondent to be applied in payment of outstanding obligations due him on account of the mortgage and other advances made to appellant. The respondent applied the proceeds of the timber first to the payment of ad-

vances made to appellant Dierssen personally, and applied the remainder upon the note.

The appellants assign as error the admission of the mortgage in evidence and the court's holding that the mortgage was executed by the appellant corporation and that it constituted a valid mortgage upon its corporate property; the holding of the court that the note was not barred by the statute of limitations and that the payment of fifty dollars interest, as endorsed on the back of the note, was actually made; and the holding that the proceeds of the logging contract were properly applied.

The respondent's mortgage was signed by D. Dierssen, Inc., by D. Dierssen, its president. The corporate seal was attached, and underneath the seal was the endorsement "Attest: Sophia Dierssen, by D. Dierssen, her attorney in fact, its Secretary." The instrument was acknowledged by D. Dierssen as president, and conformed to the provisions of the statute in relation to corporate acknowledgments.

The record does not contain the by-laws of the corporation or any minutes of the trustees directing by whom the instrument was to be executed. Of course, if it was necessary for the secretary to join in the execution of the mortgage, the signature of Sophia Dierssen by her attorney in fact was ineffective. But setting aside any technical informalities in its execution, the mortgage must be treated as the obligation of appellant corporation. Having received and retained the benefits of the contract, it is estopped from denying its existence and effect. *Brundage v. Home Savings & Loan Ass'n,* 11 Wash. 277, 39 Pac. 666; *McKinley v. Mineral Hill Consolidated Mining Co.,* 46 Wash. 162, 89 Pac. 495; *Mercy v. Hall & Sons, Inc.,* 177 Wash. 338, 31 P. (2d) 1009.

The trial court found that the loan evidenced by the

note was actually made, and this finding is abundantly supported by the record. No rights of creditors or innocent purchasers are involved.

■ Appellants contend that the fifty dollar payment endorsed on the back of the note as having been made October 15, 1928, was not actually made, and that the note was barred by the statute of limitations. The respondent testified that, a few days before the statute of limitations would have run against the note, he told Dierssen that he wished a payment made to stop the running of the statute. Dierssen said he had no money with which to make a payment, and respondent lent him one hundred dollars with the understanding that a note would be given for this amount. Later, respondent lent Dierssen another fifty dollars and received from Dierssen a note to cover these two sums. Respondent testified that, on October 15th, at the time he lent Dierssen the one hundred dollars, Dierssen paid him fifty dollars to be applied on the note; that respondent, at the time of payment, endorsed it upon the back of the note and requested Dierssen to sign under the endorsement to evidence the payment. Dierssen admitted his signature, but first said that the endorsement was not on the note when he signed. Later, on cross-examination, he had no definite recollection whether the endorsement was there or not. On this conflicting testimony, the trial court found that the payment was, in fact, made as testified by the respondent.

■ Appellants next contend that the corporation received no consideration for the transfer of its property to Dierssen and the heirs of Sophia Dierssen. This question is raised because of the logging contract made by Dierssen after the conveyance to him. The appellants contend that the proceeds of the contract, assigned to respondent, should have been applied upon the note. In other words, Dierssen, the sole stockholder

of the corporation and, in effect, the corporation, complains because the respondent credited him as an individual with part of the proceeds of the logging contract, rather than the corporation. There was only a shadowy distinction between the corporation and Dierssen. No creditor or interested person is complaining, and surely, Dierssen is in no position to complain. The trial court found that the respondent properly accounted for all money coming to him from the logging contract.

Dierssen testified that he kept no separate books of the business that he transacted in connection with the estate; that it all belonged to him and his family; that he treated the property all the way through as if it were his own, and made all contracts in his own name as there was no one else to be considered. The money owing to respondent, other than that evidenced by the note, was advanced to Dierssen on account of transactions arising out of the management of what he considered, and what was in fact, his own property. It could make no difference to him whether the proceeds of the logging contract were applied on the note or on his other indebtedness to the respondent. We can see no merit in the contention of appellants under this head.

The judgment will be affirmed.

BEALS, TOLMAN, HOLCOMB, and BLAKE, JJ., concur.