(12 Misc. Rep. 81.)

## DES MARETS v. H. WARD LEONARD & CO.

(Common Pleas of New York City and County, General Term. March 14, 1895.)

WITNESS—COMPETENCY—INTEREST.

    A statement in the charge by the judge that the witnesses of defendant corporation, its president and employés, are interested, is not equivalent to saying that they have a pecuniary interest in the litigation.

Appeal from trial term.

Action by Ernest A. Des Marets against H. Ward Leonard & Co., a foreign corporation, for commissions claimed for procuring a contract to install an electric plant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wise & Flannagan, for appellant.

Samuel R. Taylor, for respondent.

DALY, C. J. The alleged error to which the exception was directed was not committed by the trial judge. The exception was "to that part of the charge wherein it is charged that the witnesses of the defendant are all interested," whereas the remark of the judge was "there is interest on the part of the plaintiff, and interest also on the part of the defendant and its witnesses." But, if the exception raises the question as to the correctness of the charge, then there is no error, because one of the defendant's witnesses was its president, and might be considered interested on that account (Merrill v. Coal Co., 114 N. Y. 216, 221, 21 N. E. 155), the testimony of officers of a corporation standing on the same footing as that of a party (Goldsmith v. Coverly, 27 N. Y. Supp. 116); and the other two witnesses of the defendant were its employés at the time of the transactions to which they testified, one as agent, and one as superintendent and general salesman, although neither was so at the time of the trial, the company being then in the hands of a receiver; and the judge's remark concerning their interest could only be construed as referring to the business relations which had existed between them and their employer, the defendant, and which might naturally tend to create a bias in their minds. It is competent to prove the social and business relations existing between the witness and the party calling him to the stand, and if it is established that they are such as usually and ordinarily produce an interest in the mind of the witness in favor of the party calling him, on the question in dispute, then it is for the jury to say to what extent, if any, the relationship impairs or destroys the credibility of the witness. Carbon Works v. Schad, 38 Hun, 71. There is nothing in the case, nor in the charge, from which the jury could possibly infer that the judge regarded the witnesses as having any pecuniary interest in the litigation; but, if the defendant apprehended that the charge might produce such an impression, he could and should have ask-

ed for a modification or an explanation on the spot. The exception (taken when the jury returned to the court room with their verdict) failed to point out the error complained of.

So far as the other point is concerned, that the verdict is against the weight of evidence, that assumes a proposition which has been continually denied, to wit, that the number of witnesses constitutes preponderance. Juries are always instructed to the contrary, and told that that is only a matter to be considered. In this case we have four parties to a transaction called upon to testify,—one of them giving one version, and three giving another version. The jury has the right to believe the one as against the three, if there is nothing inherently improbable in the testimony of that one. Judgment and order affirmed. All concur.