### DALLIN v. MAYER.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. SLANDER—WORDS ACTIONABLE PER SE.

To denounce another as a thief is actionable per se.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 46.]

2. SAME—ACTION—DAMAGES—EXCESSIVE.

A verdict of $200 in slander for denouncing another as a thief is not such as to indicate any passion or prejudice or other improper motive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 353, 354.]

3. APPEAL—REVIEW—DISCRETION OF COURT—SETTING ASIDE VERDICT.

The action of the trial judge in setting aside a verdict, as a general rule, will not be interfered with, but there must be something to justify the exercise of the discretion beyond the mere fact that the trial judge does not agree with the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3862.]

Houghton, J., dissenting.

Appeal from Trial Term.

Action by Nathan Dallin against Max Mayer. From an order setting aside a verdict for plaintiff, he appeals. Order reversed, and judgment ordered on the verdict.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

Nathaniel Levy, for appellant.
Harry J. Sondheim, ·for respondent. ·

LAMBERT, J.   The plaintiff upon a conflict of evidence was given a verdict for $200 in an action for slander.   On motion of defendant, the learned trial court granted an order setting aside this verdict.   An examination of the case, no exceptions appearing, shows that the plaintiff produced evidence tending to show that the defendant in a courtroom denounced the plaintiff, among other things, as a thief.   This language is clearly actionable per se, and the verdict of the jury for $200 was not such as to indicate any passion or prejudice or other improper motive.   In such a case there is no legal justification for setting aside a verdict, unless the evidence to the contrary is so overwhelming as to make it reasonably certain that the jury has acted without proper regard for the evidence.   As a general rule the action of the trial judge in setting aside a verdict, in the exercise of a discretionary power, will not be interfered with, but there must be something in the record to justify the exercise of the discretion beyond the mere fact that the trial judge did not agree with the jury in its verdict.   The discretion is one that must be exercised within rules recognized within the jurisdiction, otherwise the verdicts of juries are, in contemplation of law, final in the absence of reversible error, or other conditions showing an abuse of the power vested in that body.

The order appealed from should be reversed, with costs and disbursements, and judgment ordered on the verdict, with costs.   All concur, except HOUGHTON, J., who dissents.