### WAGNER v. H. HERRMANN LUMBER CO.

(Supreme Court, Appellate Term.  March 10, 1910.)

1. EVIDENCE (§ 590*)—WEIGHT OF EVIDENCE—INTERESTED WITNESSES.

Employés of another corporation, controlled by the same persons who control defendant corporation, are interested witnesses, whose testimony is not binding, though uncontradicted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

2. NEW TRIAL (§ 72*)—VERDICT CONTRARY TO EVIDENCE—WEIGHT OF EVIDENCE.

The trial judge may not set aside a verdict as against the weight of the evidence, unless the preponderance is so strong as to show that the jury was influenced by favor, prejudice, or passion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 146; Dec. Dig. § 72.*]

3. MASTER AND SERVANT (§ 277*)—INJURIES TO SERVANT—PARTIES LIABLE—SUFFICIENCY OF EVIDENCE.

In a servant's action for injuries, evidence *held* sufficient to show that defendant was the party liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 953; Dec. Dig. § 277.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by John Wagner against the H. Herrmann Lumber Company. From an order setting aside a verdict in plaintiff's favor and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Blandy, Mooney & Shipman (Andrew J. Shipman and Frederick A. Card, of counsel), for appellant.

Frank V. Johnson (Fred H. Rees and Joseph F. Murray, of counsel), for respondent.

WHITNEY, J.  This is an action to recover damages for personal injuries suffered by the plaintiff while working upon a circular saw, which was in a defective condition.  Plaintiff recovered a verdict, which was set aside by the trial judge upon the ground that according to the weight of the evidence he had sued the wrong defendant.

Mrs. Rosie Herrmann was the president of two different corporations, namely, the H. Herrmann Lumber Company (this defendant) and the Herrmann Furniture & Plumbers' Cabinet Works.  These two corporations had the same main office and telephone.  Plaintiff was an immigrant, whose first work in the country was in the employment of one of these corporations.  After a few weeks he suffered the injury

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complained of. He sues this defendant for two reasons: First. According to his testimony, he had received his pay in a pay envelope bearing the printed name "Herrmann Lumber Co." He talks no English, but reads both German and Polish. He is, therefore, as competent. to read an English name as the court is to read a Polish name. Second. According to his testimony, after a night in the hospital he was taken to the main office to get his pay. He was given something to sign, and came back again the next day, when a letter was given him by a man who, he was told, was the superintendent. The letter was an introduction to a hospital, and is signed "Committee of Employés," and with the name "Von Stamwitz." It is on the letter head of the Herrmann Lumber Company, and Von Stamwitz is the secretary of that company.

Defendant had four witnesses in opposition to these points, all of them being employés of one or the other of Rosie Herrmann's corporations. One was Von Stamwitz. The other three were employés of the furniture company. Their evidence, of course, was that of persons considered by the law as interested, and whose testimony, if uncontradicted, would not be binding. Des Marets v. Leonard, 12 Misc. Rep. 81, 33 N. Y. Supp. 92; Eastland v. Clarke, 165 N. Y. 420, 430, 59 N. E. 202, 70 L. R. A. 751; Ludwig v. Met. St. Ry. Co., 71 App. Div. 210, 217, 75 N. Y. Supp. 667. The testimony of the employés of the furniture company cannot injure their particular corporation, because by chance the statute of limitations had run in its favor a few days before this case was reached for trial.

Von Stamwitz admitted that he had written the letter to the hospital, and that he had done so when plaintiff came into the office for the purpose of "effecting a settlement of some kind in the case." His explanation of the matter is that he was the representative of the employés of both companies and of a third company, for the purpose of seeing that any injured man was properly taken care of; but he does not claim to have attempted to disabuse plaintiff of the impression naturally made by responding to a proposition for settlement. The witness says that, on plaintiff trying to effect the settlement, "I told him he had best to go to the hospital first." The witness seems to have endeavored to create a false impression by testimony that the two corporations "had different offices and in different places."

The trial judge set aside the verdict for the plaintiff upon the ground, as stated by him, that "it is against the weight and preponderance of the evidence." This is not enough to justify even the judge presiding at the trial in setting aside a verdict. It is well settled as the general rule that the preponderance of evidence must be so strong as to show that the jury was influenced by favor, prejudice, or passion. Layman v. Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883; McCann v. N. Y. & Queens Co. R. R. Co., 73 App. Div. 305, 76 N. Y. Supp. 684; Dallin v. Mayer, 122 App. Div. 676, 107 N. Y. Supp. 316. In practice the courts have gone somewhat beyond this rule, and I understand that a verdict would be set aside upon the ground of mistake, when the record contains documentary or other circumstantial evidence that is practically conclusive. Such evidence sometimes escapes

the notice of the jurymen, who generally rely upon their memory for the facts, and are naturally more impressed with the direct evidence in the case.

I do not see from the printed record any special circumstances which would justify setting aside this verdict. On the contrary, the verdict appears to me reasonable. It is the common practice for a person or a family to incorporate under various different names, and use the confusion thereby naturally caused as a means of escaping the payment of just claims. I think that the jury could properly find that the defendant was either the real employer, or was estopped from saying to the contrary; that through Von Stamwitz it was deliberately holding itself out as the party responsible, in order that it might be sued, and in hope that the suit might result, as it actually did, in using up the period of the statute of limitations before the facts were disclosed.

The other questions in the case were for the jury, and I therefore think that the order should be reversed, and the verdict reinstated.

GUY, J., concurs. SEABURY, J., dissents.