of Appeals granted. Questions to be certified on settlement of order. Settle order on notice. See, also, 122 N. Y. Supp. 1087.

VON YEAST, Respondent, v. NATIONAL ALUMNI, Appellant. (Supreme Court, Appellate Division, First Department. May 27, 1910.) Action by Egbert F. Von Yeast against the National Alumni. A. Ellenbogen, for appellant. H. Woog, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

VOORHEES et al., Appellants, v. WHITE et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 18, 1910.) Action by James L. Voorhees and others against Horace K. White and others. No opinion. Judgment and order affirmed, with costs.

WAGNER, Appellant, v. ASTORIA VENEER MILLS, Respondent. (Supreme Court, Appellate Division, Second Department. June 10, 1910.) Action by John Wagner against the Astoria Veneer Mills.

PER CURIAM. Judgment affirmed, with costs.

WOODWARD, J., dissents.

WAGNER v. H. HERRMANN LUMBER CO. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Action by John Wagner against the H. Herrmann Lumber Company. No opinion. Application denied, with $10 costs. Order signed. See, also, 121 N. Y. Supp. 607.

WALTERS, Respondent, v. GRINBERG et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 4, 1910.) Action by Herman D. Walters against David Grinberg and another. No opinion. Judgment and order unanimously affirmed, with costs.

WARE, Respondent, v. BONTA, Appellant. (Supreme Court, Appellate Division, First Department. May 27, 1910.) Action by William R. Ware against Mary W. Bonta. J. D. Warner, for appellant. J. H. Dougherty, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

WARREN, Respondent, v. PURDY, Appellant. (Supreme Court, Appellate Division, Second Department. May 26, 1910.) Action by Gordon O. Warren against Charles I. Purdy, as executor, etc., of Henry Terry, deceased.

PER CURIAM. We think that this judgment cannot stand. Conceding that the evidence could justify the conclusion that the claim was based upon certain charges which were discharged by the claimant, yet the evidence does not establish that the payments were made from the money of the claimant, and not from moneys that belonged to the estates of his dead uncles. The claimant for years was maintained and supported by them in the premises, managed the hotel therein, and finally took over the entire receipts therefrom absolutely. It seems strange that some of the bills, which are stale, were not presented to his uncles before death, when they could have been readily paid. Many of the items now sought to be recovered represent such outlay as a tenant at will, who had also taken over the business, would naturally make as incident to the care of the premises or the conduct of the business. The proof is not of that very satisfactory character which is required against estates of the dead, and for this reason the judgment is reversed, with costs to appellant, the order of reference vacated, with leave to proceed before a new referee if they so elect, or to have the validity of the claim determined on the final accounting herein in the Surrogate's Court.

HIRSCHBERG, P. J., dissents.

WATSON, Appellant, v. VICTORIA PAPER MILLS CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 23, 1910.) Action by Oliver Watson, as receiver, etc., against the Victoria Paper Mills Company. No opinion. Judgment affirmed, with costs.

WAXBERG, Respondent, v. BOWSKY, Appellant. (Supreme Court, Appellate Division, First Department. June 10, 1910.) Action by Louis Waxberg against Margaret Bowsky, as administratrix. J. J. Kirby, for appellant. M. D. Josephson, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

In re WEBB'S WILL. (Supreme Court, Appellate Division, Second Department. June 10, 1910.) In the matter of proving the last will and testament of Charles S. Webb, deceased. No opinion. Decree of the Surrogate's Court of Suffolk county modified, by reducing the allowance to the special guardian to $25 and disbursements, to be taxed, payable out of the estate, and, as so modified, affirmed, without costs. See, also, 136 App. Div. 898, 120 N. Y. Supp. 1150.

WEINBERGER, Appellant, v. SEA BEACH RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 17, 1910.) Action by Philip Weinberger, as administrator, against the Sea Beach Railway Company. F. E. Fishel, for appellant. D. A. Marsh, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WEISSGLASS, Appellant, v. HALL et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 26, 1910.) Action by Julius Weissglass against Susie Scott Hall and another. No opinion. Judgment affirmed, with costs.

WELCH MOTOR CAR CO. OF NEW YORK, Appellant, v. FIRST COMMERCIAL BANK OF PONTIAC, Respondent, et al. (Supreme Court, Appellate Division, First Department. May 20, 1910.) Action by the Welch Motor Car Company of New York against the First Commercial Bank of Pontiac, impleaded with others. N. W. Kerngood, for appellant.