(81 Misc. Rep. 244.)

BEINER v. GOETZ et al.°

(Supreme Court, Appellate Term, First Department.  June 24, 1913.)

MASTER AND SERVANT (§ 40*)—EMPLOYMENT—ACTIONS FOR WRONGFUL DIS-
        CHARGE—SUFFICIENCY OF EVIDENCE.
    Evidence, in an action by a designer for his wrongful discharge from
    defendant's employ, *held* to sustain a finding that defendant was not
    actually dissatisfied with plaintiff's services, but merely feigned dissatis-
    faction as an excuse for discharging him.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    47–49; Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by Max Beiner against Ludwig E. Goetz and another.  From
an order setting aside a verdict for plaintiff, he appeals.  Reversed,
and verdict reinstated.

Argued June term, 1913, before SEABURY, PAGE, and BI-
JUR, JJ.

William Blau, of New York City (Henry Huntz and Abraham P.
Wilkes, both of New York City, of counsel), for appellant.

Robert C. Birkhahn, of New York City, for respondents.

BIJUR, J.  This action was brought to recover for wrongful dis-
charge under a contract of which the pertinent parts are as follows:

"Whereas, said Beiner [plaintiff] represents himself to be an expert de-
signer, competent to render the required services to the satisfaction of the
said company: Now, therefore,  * * *  the parties agree: That the said
company hires the services of the said Beiner for the purposes aforesaid at
a salary of $60 per week, to commence on October 16, 1911, and to end
October 12, 1912.  * * *  That the said Beiner, during the said term of
employment, will render the services required of him in a satisfactory man-
ner.  * * *"

Plaintiff's evidence was that the defendants continuously and repeat-
edly expressed satisfaction with him, and his testimony is supported
by an "examiner" of the defendants (a discharged employé), who says
that hundreds of dresses were made up and sold by defendants from
plaintiff's designs.  Defendants and their superintendent deny this, and
also deny the conversation which plaintiff claims took place at the dis-
charge, namely, that they expressed satisfaction with his work, but told
him that he must reduce his salary to $50 per week or else they would
discharge him.

No serious impeachment resulted from the cross-examination, ex-
cept that one of the defendants, who claimed that plaintiff's designs
were totally unsatisfactory, unskilled, and merely copies of other de-
signs, having been asked whether he was not familiar with plaintiff's
work at his previous employer's, denied that he knew anything about
it, and said that the man was employed on the recommendation of de-
fendants' superintendent, although the superintendent had testified that
he never knew the plaintiff until he was actually employed at defend-
ants' place.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The court submitted to the jury the question whether defendants were actually dissatisfied, or whether their expressed dissatisfaction, if any, was a mere subterfuge, and the jury found in plaintiff's favor. I find nothing in the record to justify the evident opinion of the learned trial judge that the verdict was against the weight of evidence to such an extent as to warrant the belief that the jury was improperly influenced by external considerations. See Wagner v. H. Herrmann Lumber Co. (Sup.) 121 N. Y. Supp. 607.

Moreover, although appellant's counsel does not urge the question on this appeal, his exceptions to the charge clearly raise the point that, under the language of this contract, defendants were not entitled to discharge the plaintiff merely because *they* were dissatisfied with his work. In none of the leading cases on this subject has language of so dubious import as that in the contract in the case at bar been held to constitute an agreement on the part of the plaintiff to condition his employment upon the satisfaction *of his employer;* and I have, to say the least, serious doubt whether this contract should be so construed. See, for example, Crawford v. Mail & Express Co., 163 N. Y. 404, 57 N. E. 616; Ginsberg v. Friedman, 146 App. Div. 779, 131 N. Y. Supp. 517; Diamond v. Mendelsohn, 141 N. Y. Supp. 775, Appellate Division, First Department, May 16, 1913; Haehnel v. Trostler, 54 Misc. Rep. 262, 104 N. Y. Supp. 533.

Order reversed, with costs, and verdict reinstated, with costs. All concur.