(95 Misc. Rep. 187)

### LEVINE v. LEVINE et al.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

COURTS ☞189(14)—MUNICIPAL COURT—SETTING ASIDE VERDICT—GROUNDS.
  Where the evidence was conflicting, and there was no reversible error, a verdict cannot be set aside by the trial court for the mere fact that he did not agree with the jury.
  [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(14).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Cecelia Levine against William G. Levine, with John Press impleaded. From an order setting aside a verdict in her favor, plaintiff appeals. Order reversed, and judgment rendered on verdict.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

John J. Vause, of New York City, for appellant.

Marcus Helfand, of New York City (David Tim, of New York City, of counsel), for respondents.

GUY, J.   The action was commenced by wife against husband for the replevin of certain articles of property which prior to their separation furnished their home. The wife claimed that some of these articles were presents given to her on her engagement and marriage to the defendant, and that the balance of the property, referred to in the case as household furniture, was purchased by her husband to furnish the home and then given to the plaintiff. All of the property was taken from the possession of the husband's brother-in-law, John Press, and he thereupon filed an affidavit claiming title thereto, and an order was entered making him a party defendant.

A day and a half was occupied in taking the testimony of the parties and their witnesses, and the case was submitted to the jury in a charge which defendants' counsel stated covered the points of the controversy, and no exception was taken by defendants to any part of the charge. The jury found for the plaintiff, and the learned trial judge,

on defendants' motion, without handing down an opinion, made an order setting aside the verdict on the ground that it was "against the weight of evidence."

The case was peculiarly one for the consideration of a jury, and while loath to interfere with the order of the trial judge, who saw the witnesses and heard them testify, a careful examination of the record fails to show any special circumstance which justified the exercise of the discretionary power of the trial judge in favor of defendants, except the mere fact that he did not agree with the jury in their verdict. This was insufficient to warrant the order appealed from, for in the absence of reversible error, or other conditions showing an abuse of the power vested in the jury, their verdict is in contemplation of law final. Wagner v. H. Herman Lumber Co. (Sup.) 121 N. Y. Supp. 607; Dallin v. Mayer, 122 App. Div. 676, 107 N. Y. Supp. 316.

Order reversed, and judgment ordered on the verdict, with $30 costs of the appeal. All concur.