JOSEPH BOYLE, Plaintiff, *v.* FRANK MACDOUGALL, Defendant.

Supreme Court, New York County, November 18, 1926.

Libel and slander — action for slander predicated upon words spoken concerning plaintiff — complaint alleges that defendant after calling plaintiff " a thief," charged that he " threw a roulette game " in Florida but fails to claim special damages — language complained of is capable of two constructions and an innuendo should have been employed therein — complaint dismissed with leave to serve amended complaint.

A complaint in an action for slander which alleges that the defendant spoke the following words concerning the plaintiff, " You are a thief — I caught you — you threw a roulette game * * * at the Palm Island Club, Florida," but fails to set up any claim for special damages, is capable of two constructions, one innocent and the other harmful, and, in the absence of an innuendo pointing out the construction relied upon, said complaint must be dismissed. Leave, however, is granted to serve an amended complaint. An innuendo pointing out the construction relied upon would undoubtedly give the complaint all the elements necessary to state a cause of action.

MOTION to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

*Joseph A. Michel,* for the plaintiff.

*Edward M. James,* for the defendant.

LEVY, J. The pleading alleges that defendant in the presence of others spoke the following words concerning the plaintiff: " You are a thief — I caught you — you threw a roulette game to John Letendre to the amount of Six Thousand Dollars at the Palm Island Club, Florida. You are a thief. Why don't you resent it —. are you afraid? I don't want to talk to you, you God-Damn thief." It further alleges the statement was false and that the plaintiff was damaged in the sum of $50,000. No special damages are claimed. The defendant contends that, taken in its entirety, the language quoted indicates that he did not charge plaintiff with having committed a crime but that he called plaintiff a thief, merely *because* he " threw a roulette game " in Florida. The words taken as a whole are indeed capable of the construction that the accusation of plaintiff as a thief is qualified by, and founded upon, the charge that he " threw a roulette game." On the other hand, they are at least equally capable of the construction that this accusation is independent of, and not qualified by, the charge of " throwing " a roulette game, and a question for the jury would thus be presented. (*Warner* v. *Southall,* 165 N. Y. 496.) But as the language is capable of two constructions, one innocent and the other harmful, an innuendo pointing out the construction relied upon should have been set forth in the complaint. (*Demos* v. *N. Y. Evening Journal Pub. Co.,* 210 N. Y. 13; *Rovira* v. *Boget,* 240 id. 314.) With such an innuendo alleged the complaint would undoubtedly state a cause of action. (*Dallin* v. *Mayer,* 122 App. Div. 676.)

It may be observed, however, that the claim that the plaintiff " threw a roulette game " in Florida may in itself charge the commission of a crime, but the difficulty with this is that the court is not at liberty to take judicial notice of the meaning of the slang expression " threw." In Newell on Slander and Libel (4th ed. at p. 281) it is stated that " words which are meaningless until some explanation of them is given; such as slang expressions, words in a foreign language, or used in some special, local, technical or customary sense " require an innuendo. To the same effect, see Odgers on Libel and Slander (5th ed.), pages 119 and 125.

The motion to dismiss the complaint is, therefore, granted, with ten dollars costs, with leave, however, to plaintiff to serve an amended complaint within ten days upon payment of ten dollars additional costs.